Chief Justice Robertson
delivered the Opinion ofthe Court,.
This case was once before in this court. (Vide 2 J. J. Marshall, 104.) At the term succeeding that at which ' ° the mandate oí this .court was entered in the circuit court, an amended replication to the plea of rio'n-tenure of the freehold, was filed, and a proper issue concluded; and at the same term, a suggestion of the 'death of one of the demandants (Mrs. Flournoy,) was made by the appellant, and entered on the record. Afterwards, at the next succeeding term, Mrs. Flournoy’s death was pleaded in abatement ; but the court having sustained a demurrer to the plea, the appellant offered another plea in abatement, post ult. con., alleging the death of another of the demandants (Mrs. Ready,') since the last continuance ; which last plea the court would not permit the appellant to file; but entered an abatement of the suit as to Mrs. Flournoy, and Mrs. Ready, and their husbands ; and thereupon gave judgment against the appellant, for all the land claimed in the count, upon facts agreed, on the first trial, prior to the reversal by this court.
The appellant now complains of the decision on his pleas in abatement, and of the final judgment for the land.
The second plea in abatement was rejected by the circuit court, because a demurrer .had been sustained to the *232 first pica in abatement, if the counsel for the appellant: were correct in stating, in his brief, that the second plea was not filed until the term succeeding that at which the first pica was overruled, the reason assigned by the circuit judge, for rejecting the second plea, would be inapplicable, and consequently insuificieht. For although it would be improper to permit matter to be pleaded in abatement which might have been well pleaded when a former plea in abatement had- been filed by the same, party in the same suit, or which had occurred before the last continuance ; yet a plea in abatement containing new matter which occurred after the last continuance, may be filed, even though the party offering it had ¡¡nade ever so many abortive attempts, at a former term, to avail himself of other matters of abatement.
A writ of right abates by the death, of any one of the demandants: post The death of a party, suggested on the rocordatonetermj cannot be pleaded in abatement at a subsequent term, by plea puis darrein continuance: the record is an estoppel.
*232 When it is said, that a second jilea in abatement, or a second plea puis darein continuance, whether in bar or in abatement, shall not he. allowed, all that is meant, is that a second jilea in abatement shall not he indulged, if the matter jileaded existed when a former jilea had been filed ; and that after disposing'of one plea puis darein continuance, another shall not be filed at the same term. But if after a continuance, matter either in ahatément,’ (as the death of the plaintiff,) or in bar, (as a release of the cause of action,) shall occur, there can be no doubt that it may, at a, projier time, be made an available defence by jilea, although, at a former term, a jilea of other matter in abatement had been filed, or an issue on matter in bar had been concluded. But it appears from the record, that the first and second pleas in abatement were both filed at the same term, and each as a plea puis darein continuance. Therefore, it does not4 ajijiear, that there was error in the rejection of the second jilea, because that jilea does not aver that the death alleged by it, occurred after the filing of the first plea.
Nor can this court decide, that the circuit court erred in sustaining the demurrer to the first jilea in abatement. No objection seems to have been made to the form of the jilea, or to’the time of filing it; but it appears jirobable, that the demurrer was sustained only because the circuit judge deemed the death of one of the *233 demandants insufficient to abate the writ. In that particular this court cannot concur -With the circuit caurt.— But as the appellant had, at a former term, suggested on the record the fact relied on in his plea, he was thereby estopped to plead that it hád occurred u since the last continuancej” and as the record contradicted his plea, and shewed that the matter relied on was not then plead-able, we are of opinion that the judgment on the demurrer should not be disturbed.
Surviving demandants in a writ of right, cannot have a judg’t for all the land, when no right of survivorship appears by the record; Nor can. any judg’t be rendered in the action after an abatement as to one of several demandants, by his death, whether the whole right survive or not: for the suit abates, and none of the statutes authorizingrevivors,apply to real actions.
Tbe derith of either party between verdict and judgment, in any action, shall not abale, or affect the suit; Act of’96, §5 — but this act does not apply to the death of a party before trial.
But the judgment in chief is erroneous;
First. After abating as to some of the démandants, the whole of the land which they all claimed, should not have beén adjudged to the survivors, unless it had appeared, that the right to the whole survived to them; and there is nothing in the record which proves any such survivorship. For aught that appears, the deceased demandants may have left children.
Second. The death of some’ of the demandants, ip’so facto, abated the action. Nono of the statutes, authorizing revjvors, have been,, or can be, construed as applicable to real actions. A survey of the whole of them will shew clearly, that they apply exclusively (so far as they embrace common law suits,) to personal actions. If, therefore, the femes who died pending this suit in the circuit court, and before judgment or trial, had left any legitimate issue, the action ■ would have been thereby abated ; because there would have been iso survivorship to the other demandants, and there could have been no revivor in the names of the heirs.
But if the deceased demandants left no other heirs than their co-demandants who survived, it might be argued that the action survived, and that, therefore, as revivor was not necessary, the suit should not abate in consequence of the deaths. But such a position, however specious and reasonable, cannot be maintained as the doctrine of the law. The fifth section of the act of 1796, concerning abatements and revivors, 1 Digest, 50-1, is an embodied transcript, in substance, of the British statutes of Charles II., c. 8 — and of the 8th and 9th William III. c. 2, see. 6 and 7. So much of the lat *234 ter part of the act of 1796, as provides, that the deals' of either party between the verdict and judgment, in any action real, personal or mixed, shall not abate, or otherwise affect the suit, was taken from the statute of Charles II., and does not apply to the death of a party prior to the trial.
The other provisions in the act of Í79S, were copied from the 6th and 7th sections of the statute of W. III.; and the statute of William, when the sections 6 and 7 are read together, in juxta-position, as they stand on the statute book, will be seen to apply only to personal actions, or such as might be revived, if revivor should become necessary, by the personal representatives ; and such has ever been the judicial exposition'in England. Tidd’s Pr. 1027.
So much of the act of 1796, as provides, that a suit shall abate by the death of one joint plaintiff or defendant, if the cause of action would survive, was copied from the 7th section of the statute of William, and it seems that conflicting decisions in England, as to the cases of survivorship in personal actions, in which a death pendente lite should or should not abate the suit, induced the enactment of that section of the British ^statute.
In real actions, it is said, that if there were' two demandants, either of them might, by summons and severance, proceed for his moiety alone ; but if either of them should die without issue, the suit would abate, though the title survived ; and' the reason assigned, is, that otherwise “ the writ would have a double effect, viz. : in case of summons and severance for a moiety, and in case of survivorship for the whole.” Ba. Abr. Abatement, F.
What might have been the reason for not including 3ral actions in the statute of William, or whether there was any sufficient reason, we are not now to enquire. They were not included, .but were left as the common law had settled them ; and there is abundant authority to shew, that without some other statutory provision to the cont3’ary, the death o.f one demandant before verdict-, *235 must abate the suit, even though the title may survive to surviving demandants. Ba. Abr. supra.
We cannot doubt, that the statute of 1796, was not intended to have, and should not be allowed to have, any other or greater operation than the statutes of England, of which it is composed.
Wherefore, we are of opinion, that by the death of two of the demandants, the writ in this case was abated, even if their right survived to the surviving demandants. And consequently, as the deaths appeared upon the record, the circuit court ought to have abated the writ in toto.
Judgment reversed, and the cause remanded., with instructions to abate the writ.