Nov. Term, 1836.

HINCKLEY
v.
O'FARREL.

---

### HINCKLEY v. O'FARREL.

The official acts of a notary public must be authenticated by his official seal, and not by a scrawl.

ERROR to the *Floyd* Circuit Court.

M'KINNEY, J.—This is a writ of domestic attachment. It was dismissed by the Circuit Court. The attachment is founded on an award, and several grounds are taken in support of the judgment below; among which, it is only necessary to notice that which denies the affidavit, the foundation of the proceeding, to be legally authenticated.

Saturday,
*December* 24.

The affidavit was taken by a notary public; and his authority to take such, if it exists, is given by the act of 1833, "declaratory of the powers of notaries public." The act authorises each and every notary public to take and certify all affidavits and depositions, authorised to be taken and certified by justices of the peace, and to take and certify all proofs of deeds, &c.; and it provides that his certificate and attestation, with his official seal, shall be taken and received in all cases to be of equal verity and validity with the certificate, attestation, and seal of a clerk of the Circuit Court (1). It is contended, that if the notary public be authorised to take the affidavit of one applying for the writ of domestic attachment, the affidavit in this case is not legally authenticated; his certificate not being attested by his official seal.

The certificate and attestation attached to the affidavit are as follows: "Sworn to this 7th day of *January*, 1835, at the county aforesaid, before the undersigned a notary public of said county.—*R. Crawford*, N. P. F. C. [Seal.]"

24

Nov. Term,
1836.

We think the objection to the certificate well taken.  It is certainly not attested as contemplated by the statute establishing the office and defining the duties of notaries public.  The seal attached to the certificate is simply a scrawl, and such as could not have been intended.  By the third section of the act, "each notary public shall procure a seal, which shall be called the seal of the notary public."  The substitution of a scrawl for the seal thus prescribed, is not warranted; and for this defect, the Circuit Court was correct in dismissing the attachment.

Dewey, J., having been of counsel in the cause, was absent.

*Per Curiam.*—The judgment is affirmed with costs.  To be certified, &c.

*R. Crawford* and *H. P. Thornton*, for the plaintiff.

(1) Stat. 1833, p. 44.   Accord, Rev. Stat. 1838, p. 420.