ISAAC DYER, Plaintiff in Error, *v.* RICHARD F. FLINT, Defendant in Error.

ERROR TO LOGAN.

Where an affidavit for a writ of attachment purports, on its face, to have been made in Logan county, and the jurat is signed A. B., Notary Public, if the suit is brought in Logan county, it will be intended that A. B. is a Notary for that county.

The Circuit Court will take judicial notice of the civil officers of the county in which it holds its sittings.

Where an affidavit for a writ of attachment is made in the county in which the suit is brought, and before a notary public, it need not be authenticated under his notarial seal.

Where the *fac simile* of a notary public's seal is represented on the sheet attached to the record by the clerk, it will not be judicially examined by the Supreme Court.   Such sheet is no part of the record.

An affidavit for a writ of attachment must allege positively and unequivocally the requirements of the statute.   It is not sufficient for such allegations to be made on the information and belief of the attaching creditor or his agent.

THIS was an action of assumpsit, commenced against the defendant below, a non-resident, by writ of attachment, returnable at the September term, A. D. 1857, of the Circuit Court of Logan county.

The affidavit is as follows:

STATE OF ILLINOIS, ⎰ *ss.*
    LOGAN COUNTY,        ⎱

CIRCUIT COURT OF LOGAN COUNTY,
*September Term, A. D.* 1857.

Thompson J. S. Flint, of Chicago, in the county of Cook, State of Illinois, being first duly sworn, on oath says that he is the agent of Richard F. Flint, of Green Bay, Wisconsin.   That he is informed, and verily believes, that Isaac Dyer, of East Baldwin, in the State of Maine, is justly indebted to said Richard F. Flint in the sum of about nineteen hundred and twenty-five dollars, for money received by said Dyer, from sales of land made by said Dyer, belonging to him and said Richard F. Flint, and by said Dyer retained from said Flint.   I further say that

Dyer *v.* Flint.

said Dyer is not a resident of the State of Illinois, and pray that a writ of attachment in due form of law, may issue against the estate of said Dyer which may be found in said county of Logan, and further I say not.

THOMPSON J. S. FLINT."

Subscribed and sworn to before me, }

[L. S.]      Aug. 17th, 1857.                }

JOHN FORSYTHE, *Notary Public.*  }

The seal of the notary affixed to the above affidavit, and indicated by the letters [ " L. S." ] inclosed in brackets, and by a scroll on the record, consists of a naked impression upon paper, without wax or wafer, of the following words, to wit:

The declaration contains a count in assumpsit, for money had and received.

There was a judgment by default.

Afterwards, to wit: on the first Tuesday after the first Monday in January, in the year one thousand eight hundred and fifty-nine, at this same term, before the judges of the Supreme Court of the State of Illinois, comes the said Isaac Dyer, by Parsons & Goodwin, his attorneys, and says that in the record and proceedings aforesaid, and also in rendering the judgment aforesaid, there is manifest error in this, to wit: That the paper filed in said cause, purporting to be the affidavit of Thompson J. S. Flint, and purporting also to have been sworn to by him in said county of Logan, does not appear to have been sworn to before any person authorized to administer oaths within and for said county of Logan; nor does the same appear to have been sworn to before any person authorized to administer oaths elsewhere than in said county, and that the same, by reason that it is not duly sworn to, is wholly insufficient to warrant the proceedings and judgment aforesaid: That said paper purporting to be such affidavit as aforesaid, is not certain nor positive, as to the indebtedness therein mentioned; but in the averment thereof, rests wholly on information and belief, and is therefore, insufficient to warrant the proceedings and judgment aforesaid: That said paper purporting to be such affidavit as aforesaid, does not state, as near as may be, the nature of the indebtedness, in respect whereof said suit was prosecuted; by reason whereof the proceedings and judgment aforesaid are erroneous: That it does not appear that the writ of summons and attachment sued out in the court below was in any manner served upon, nor was

the same returned "not found," as to the defendant below; by failure whereof, the court below acquired no jurisdiction to proceed in said action, nor to render the judgment aforesaid: That the declaration aforesaid and the matters therein contained, are not sufficient in law for the said Richard F. Flint to have or maintain his aforesaid action thereof against the said Isaac Dyer, by reason of which insufficiency the proceedings and judgment aforesaid are erroneous. There is also error in this, to wit: that by the record aforesaid it appears that the judgment aforesaid in form aforesaid given, was given for the said Richard F. Flint, against the said Isaac Dyer, whereas, by the law of the land, the said judgment ought to have been given for the said Isaac Dyer, against the said Richard F. Flint. And the said Isaac Dyer prays that the judgment aforesaid, for the errors aforesaid, and other errors in the record and proceedings aforesaid, may be reversed, annulled, and altogether held for nothing, and that he may be restored to all things which he hath lost by occasion of such judgment, etc.

PARSONS & GOODWIN, for Plaintiff in Error.

SCAMMON & FULLER, for Defendant in Error.

BREESE, J. This is an action commenced by attachment against an absent and non-resident debtor, and default taken.

Several objections are made to the regularity of the proceedings. The first is as to the manner in which the affidavit is sworn to, and its substance.

The affidavit appears, on its face, to have been sworn to in Logan county—that is the county stated in the margin, and there is nothing in the record impeaching it. The jurat is signed by "John Forsyth, Notary Public," and it is a fair intendment that he was Notary Public of Logan county. The court trying the case would so intend; it would, *ex-officio*, take notice of the civil officers of the county in which it holds its sittings. *Thompson* v. *Haskell*, *post*, and cases there cited. By our statute, a Notary Public can administer oaths in all cases, and proof of his official character is not required. *Stout* v. *Slattery*, 12 Ill. R. 162; *Rowley* v. *Berrian*, ib. 200. In this last case it was objected, as it is here, that if a notary takes an affidavit which is to become the foundation of an attachment, he must authenticate it under his seal of office, and the 32nd section of chap. 9, R. S. (Scates' Comp. 235,) is referred to as sustaining the position.

This section embraces three kinds of cases, one when the affidavit is made in the county where the suit is brought, as is this case, where proof of official character is not required, the

court taking judicial cognizance of all who are authorized to administer oaths within the county ; another, where the oath is made in a county other than the one where the suit is pending, in which case the official character must be proved ; and lastly, when the oath is made out of the State before any officer authorized by the statute to take the acknowledgment of deeds, in which case also, proof of his official character must be made. Their acts are to be authenticated in the same manner as in taking the acknowledgment of a deed.

It is insisted, however, that the record shows that the notary was actually a notary in Chicago, and not of Logan county, and that it so appears from a *fac simile* of his seal, as presented on the abstract. There is a representation in ink of a circle, within which are the words, executed with a pen, " John Forsyth, Notary Public, Ill., South Chicago," but there is nothing of that kind appearing in the record. The sheet attached by the clerk is no part of the record, which we can judicially examine. The intendment from the record is, that the jurat was made before a Notary Public of Logan county, an officer authorized by law to administer oaths, and we must so hold, and hold further, under the decision in *Rowley* v. *Berrian*, that his seal was unnecessary to the authentication. But there is to the jurat in this case, a scroll denoting a seal. Our statute, R. S., chap. 75, title " Notaries Public," (Scates' Comp. 794,) does not require they shall have a seal, and by chap. 76, title " Oaths and Affirmations," (Scates' Comp. 796,) which gives to Notaries Public power to administer oaths in all cases, does not require a seal to their attestations.

But a notary cannot take the acknowledgment of a deed if he has no official seal, for the statute requires, R. S., chap. 24, sec. 16, (Scates' Comp. 965,) he shall have a seal by which such an act shall be authenticated, but in no other case.

The cases referred to in 4 Blackf. 185, and 6 ib. 357, were decided under the statute of Indiana, which expressly requires all notarial acts to be under the official seal of the notary.

It is urged, that perjury could not be assigned on this affidavit for the reasons stated, that it purports to have been sworn to in Logan county, and it is inferable from the circumstances that it was made in Cook county. If made in Cook county, and before a competent officer, surely perjury could be assigned on it, though purporting to have been made in Logan. 3 Greenl. Ev., page 181, sec. 192. But as to the objection that the affidavit is not certain, or positive, as to the indebtedness, but rests wholly on information and belief, we think that is well taken.

Our statute is in these words : If any creditor, his agent or attorney, shall file an affidavit in the office of the clerk of the

Circuit Court of any county in this State, setting forth that any person is indebted to such creditor in a sum exceeding twenty dollars, stating the nature and amount of such indebtedness as near as may be, and that such debtor is not a resident of this State, it shall be lawful for the clerk to issue a writ of attachment, etc. Scates' Comp. 228.

These requirements of the statute must be fulfilled. The creditor or agent making the affidavit, cannot rely upon hearsay as to either. He must positively allege both the non-residence and the indebtedness—its nature and amount, as near as may be—as near as the peculiar kind of indebtedness will enable him to do. Information and belief cannot supply the place of a positive allegation that the defendent " is indebted," or, that he is non-resident. As to the first, if an agent makes the affidavit, his conscience may be relieved by stating his means of knowledge, by stating as appears from his certain note signed by him, or from other evidence in possession of the agent.

We have found no case sustaining the view of the attaching creditor's counsel, except the case of *Ker* v. *Philips*, 2 S. Car. Law Reports, 197, in which, in an affidavit for an order to hold to bail, a majority of the court held that where the plaintiff resides in a foreign country, an affidavit made by his agent in South Carolina, that he, the agent, " is informed and believes that the defendant is indebted to the plaintiff," is sufficient. In that State, the statute referred to does not seem to require a positive statement of indebtedness, as in ours.

We have no power to release parties from the requirements of a statute, or to relax a rule therein prescribed. A positive averment of indebtedness and of non-residence being required, whether the affidavit be made by the creditor or his agent, we cannot dispense with it, however much it might accommodate parties, suing as well in their own right as in *autre droit.* We must adhere to the words of the statute, leaving to the legislature, where it belongs, the question of any change or modification in it, that may be desirable or necessary.

In the action of replevin, the statute provides, (Scates' Comp. 226,) before any writ of replevin shall issue, the person bringing the action, or some one in his or her behalf, shall make oath or affirmation before the clerk of the Circuit Court, or any justice of the peace of the proper county, " that the plaintiff in such action is the owner of the property described in the writ, and about to be replevied, or that he is then lawfully entitled to the possession thereof," etc. In such case, the affidavit of ownership, if made by the agent, must be as positive as if made by the owner himself. *Frink* v. *Flanagan,* 1 Gilm. R. 38.

We think, as the phraseology of the two statutes are identical, the affidavit for an attachment against a non-resident debtor, whether made by the creditor himself, or by his agent, must allege in positive terms the indebtedness, as well as the non-residence.  Nothing short of this would seem to fulfill the requirements of the statute.

For this error the judgment of the court below is reversed, and the cause remanded, with leave to amend.

*Judgment reversed.*