## George R. Archer *et al.*

*v.*

## William Claflin *et al.*

1. Pleading — Practice — *when a dilatory defense should be interposed.* Where the defense in an action is of a dilatory character, it should be interposed at the first term, if the declaration is filed ten days before such term.

2. Same — *when plea in abatement too late after a continuance.* After a general imparlance, which is nothing more than a continuance, a plea in abatement, for matter which existed before the continuance, comes too late.

3. Same — *objection to affidavit for attachment should precede a motion for continuance.* So, an objection to an affidavit, upon which an attachment is sued out, for its insufficiency, is of a dilatory character, and should precede a motion, on the part of the defendant, to continue the cause. A motion to dismiss for such cause, should be the very first made. It is too late to make the objection, for the first time, upon writ of error.

4. Same — *waiver — plea in abatement waives objection to affidavit for attachment.* And a plea in abatement traversing such affidavit, is a waiver of any objection to the affidavit on the ground of insufficiency. And it will make no difference that the plea is afterwards stricken from the files, — that fact cannot affect the rules prescribed for the order of pleading.

5. Variance — *time to take advantage of it.* If there be a variance between a note as described in the declaration, and the one actually intended to be sued upon, it cannot be taken advantage of after a judgment is entered on default of a plea.

6. Practice — *rule to plead "to the action" — its effect.* A rule "to plead to the action," is equivalent to a rule to plead to the merits. The filing of a plea in abatement is not a compliance with such a rule.

7. Same — *striking plea from files.* Where a plea in abatement was filed, after a rule to plead "to the action," and after the time for pleading in abatement, it was held proper to strike it from the files.

Archer et al. *v.* Claflin et al.

8. SAME—*leave to plead in abatement after amendment.* Where the affidavit upon which an attachment was sued out, is allowed to be amended after the time has passed for pleading in abatement, and the amendment introduces new matter, it is proper to allow the defendant to plead in abatement to such new matter.

9. PLEADING—EVIDENCE—*variance.* In declaring upon a promissory note, or other instrument in writing, it is sufficient to describe the instrument according to its legal effect. So, in declaring upon a promissory note, payable "without defalcation or discount," if those words be omitted in describing the note, there will be no variance.

10. If the pleader, however, professes to give the legal effect of the instrument, and the legal operation is different from that which appears by his statement, it will be a fatal variance.

11. In declaring upon a promissory note, bearing date on the 17th of April, 1857, and payable six months after date, the note was described as being "payable six months after the date thereof, *to wit, on the 17th day of October*, 1857." The averment as to the time at which the note was payable, (six months after date) was in the terms of the note ; and making it more specific, by stating the day on which it fell due, was mere surplusage, and if incorrect in this particular, it would not vitiate.

12. AFFIDAVIT FOR ATTACHMENT—*its requisites.* An affidavit upon which an attachment is to be sued out, which states that the affiant *is informed and verily believes* the debtor is about to depart from the State, with the intention of removing his effects from the same, to the injury, etc., is not sufficient ; the facts should be set forth by positive averment.

13. PROMISSORY NOTES—*their constituent parts.* All promissory notes, under our statute, are negotiable. They all purport, on their face, to be payable without defalcation or discount. The insertion, therefore, of those words in the body of the notes, would give them no other meaning or legal effect than the statute gives them.

14. And if a note be made payable "without defalcation or discount," those words being expressed in the body of the instrument, it would still be subject to any claims to discount the defendant might be able to substantiate.

15. Under our statute, this would be a negotiable promissory note : "I promise to pay A. B. ten dollars," or any other sum of money, or article of personal property, and signed by the maker. Such a note has all the constituents of negotiable paper, of the highest character. It need not be expressed for value received, nor payable to order, to make it negotiable ; nor need it have a date, as delivery gives it effect, and no time being specified, it is payable on demand.

WRIT OF ERROR to the Circuit Court of Henderson county ; the Hon. JOHN S. THOMPSON, Judge, presiding.

This was an action of assumpsit instituted in the Circuit Court by the defendants in error against George R. Archer and Marcellus Archer, the plaintiffs in error.

The suit was commenced by summons against George R. Archer, and by writ of attachment against Marcellus Archer. The affidavit upon which the writ of attachment was sued out, was made by the attorney of the plaintiffs below, and after setting forth the indebtedness with sufficient certainty, concluded as follows : " And that the said Marcellus Archer, as your *affiant is informed and verily believes*, is about to depart from said State of Illinois, with the intention of removing his effects from the same, to the injury of his said creditors of eight hundred dollars, and further saith not."

The other proceedings in the cause are sufficiently set forth in the opinion of the court.

Messrs. WEAD & POWELL, for the plaintiffs in error, relied upon the following points and authorities :

1. The affidavits, both original and amended, were clearly insufficient. They were founded upon *information and belief*, which will not do. *Dyer* v. *Flint*, 21 Ill. 80.

2. The final judgment was rendered by default. If defendants were out of court then, they may now take advantage of any error in the proceedings, as was done in the case of *Dyer* v. *Flint*, 21 Ill. 80.

3. There was a motion filed below to dismiss for want of sufficient affidavit, which was overruled, and plaintiff had leave to amend. He did amend, but his amended affidavit was no better than the original. The record therefore shows that the court erred in rendering judgment without a sufficient affidavit. It had no jurisdiction.

4. The rule on defendants to plead was made on the 29th November, and the next day the plea was filed. It was also agreed by counsel that defendant might plead on that day. But it is urged the plea was in *abatement*. To this we answer, there was no stipulation as to the kind of plea which should be filed, and there was no rule of court requiring the plea to be filed sooner.

In fact, the plaintiff on the next day (Dec. 1st) filed his amended affidavit. To this new affidavit defendant had a right to plead in abatement, because, as to that, he was guilty of no laches. The plea stood on the record as an answer to that portion of the affidavit which asserted that Archer was about to remove his property, to the injury of his creditors. The plea was rightfully on the files, it was in apt time, and the court had no right to set it aside. Nor could the court render judgment by default, without first making an order for the defendants to plead anew. A rule should have been entered for a new plea, and if not forthcoming, then perhaps a judgment might have been rendered against them. Ten days ought to have been allowed defendants, after the filing of the new affidavit, to plead thereto.

5. There was a fatal variance between the note and declaration. The words "without defalcation or discount" are omitted, and the note is described in the declaration as being due on the 17th, whereas it was due on the 16th.

But even if plea was not filed in time, plaintiffs below waived their right to object by taking other steps in the cause before making the motion to strike the plea from the files. 1 Scam. 250; 2 Scam. 463; 5 Gilm. 461.

Mr. M. WILLIAMSON, for the defendants in error, filed a written argument, in which he presented the following points:

Objections to the insufficiency of an affidavit upon which an attachment is sued out, being of a dilatory character, must be taken at the earliest opportunity after appearance; and if not then taken, the objection is waived, and the case will stand for trial on its merits, or a default may be entered.

A plea in abatement traversing such affidavit, is a waiver of its insufficiency.

Where a defendant in the court below moves for a continuance of the cause, and obtains leave to file an affidavit in support of such motion, he thereby enters a full appearance, and waives all dilatory defenses.

If a defendant take any step in a cause, as filing special

bail, putting in a demurrer, or plea, or taking a rule for security for costs, and the like, this is such an appearance as cures all errors and defects in process, and the defendant can then only answer to the merits. Strange, 155; 3 T. R. 611; 3 Ohio R. 272; Wright R. 762; 7 Mass. R. 461.

An agreement entered into between the parties after the proper time for pleading in abatement had passed, that the defendant should have "further time to plead," would be presumed to have reference to such plea as would at that time be proper — a plea to the merits.

And should a plea in abatement be filed after such an agreement, a motion to strike such plea from the files, would not authorize a motion on behalf of the defendant, to dismiss the suit for want of a sufficient affidavit on which the attachment was sued out.

The Circuit Court has power to allow such an affidavit to be amended.

There is no variance between the note as described in the declaration, and that offered in evidence, merely because the words "without defalcation or discount," as used in the note, were not set forth in the declaration. Those words are inoperative, and it was enough to describe the note according to its legal effect, which was done. 1 Serg. & Rawle, 185; 9 ib. 197; 14 ib. 133; 2 Robinson's Prac. 170; *Owen* v. *Barnum*, 2 Gilm. 462.

Nor is there any variance as to the time when the note sued upon, is described to have matured. The note was dated on the 17th of April, 1857, and was payable at six months after date; it was described in the declaration as being payable six months after date, "to wit, on the 17th day of October, 1857." The note was thus properly described as being payable six months after date, and the words, "to wit, on the 17th day of October, 1857," should be rejected as surplusage.

But the note was properly described as maturing on the 17th of October; it was payable six months *after date;* in computing the time upon such a note, the day of its date is excluded; then it became payable on the 17th of October, and not on the 16th of that month, as is contended. See 8 Mass.

R. 435 ; 3 N. Hamp. R. 14 ; 9 ib. 304 ; 3 McLean R. 538 ; 2 Conn. 69 ; 31 Maine R. 580; 2 Penn. State R. 495 ; 1 Robinson's Prac. 424, and cases cited.

Mr. Justice Breese delivered the opinion of the Court.

This was an action of assumpsit commenced by attachment in the Henderson Circuit Court to the April term, 1859, by the defendants in error against the plaintiffs in error, and judgment rendered for the defendants in error. The affidavit for the attachment, and the attachment bond, were filed on the 27th January, 1859, and the writ of attachment issued the same day against Marcellus Archer alone, and was levied on personal property on the first day of February, 1859, and personal service was had on Marcellus and George R. Archer on the 2nd of February, 1859. The declaration was filed on the 27th January, 1859, counting upon a promissory note bearing date April 17, 1857, and payable six months after the date thereof, "to wit, on the 17th day of October, 1857," to the plaintiffs or order, for the sum of three hundred and ninety-two dollars and forty-seven cents, with interest from maturity, "to wit, from the 17th day of October, 1857," at the rate of ten per cent. per annum for value received.

At the May term, 1859, the parties appeared by their attorneys, and the defendants interposed a motion to dismiss the attachment, 1, for want of a sufficient bond, and, 2, for want of a sufficient affidavit. Whereupon the plaintiffs entered their motion for leave to file a new bond, which motion was allowed, and the defendants' motion overruled. On the next day the plaintiff filed an amended bond. Four days thereafter, the parties by their attorneys came, and the defendants moved for a continuance of the cause ; and on due deliberation, it was ordered by the court, that the defendants have leave to file affidavit by the next morning. On the next morning, the parties by their attorneys came, and by agreement, the cause was continued until the next term at the costs of defendants.

At the next term, on the 29th of November, 1859, the

parties by their attorneys came, and on motion, a rule was taken against the defendants to plead " to the action " by the next morning.

On the next morning, the defendants filed a plea in abatement, denying the fact stated in the affidavit, that Marcellus Archer was about to depart the State with the intention of removing his effects from the same. On the next day, the parties by their attorneys came, and on motion of defendants, leave was given them to amend their plea, " and also to amend the affidavit by agreement."

Four days thereafter, the plaintiffs entered their motion to strike pleas in abatement from the files, which motion, four days thereafter, was allowed by the court.

The defendants failed to plead further, and "being called, came not, nor any person for them, to defend the suit, but made default."

It was thereupon considered by the court that the plaintiffs have and recover their damages, which the clerk was ordered to assess, who reported the damages as assessed, to be four hundred and eighty dollars and seventy-two cents, for which judgment was entered, together with the costs.

From this judgment the defendants prayed an appeal, and obtained leave to file their bill of exceptions, and appeal bond in sixty days.

On the 26th January, 1860, a bill of exceptions was signed, stating as above, the steps in the cause, and setting out the amended affidavit, which in no material respect, differed from the affidavit first filed.

On the hearing of the motion to strike the plea in abatement from the files, the bill of exceptions states that the defendants proved by the plaintiffs' counsel, that he, the counsel, had, on the 29th November, 1859, agreed with the defendants' counsel that he should have until the next day to plead, but he never agreed that defendants might plead in abatement, and had no notice of the kind of plea defendants intended to file. That at the time of the allowance of the motion, the defendants in open court objected, and objected to rendering final judgment in the cause, and excepted to same. Upon ren-

Archer et al. *v.* Claflin et al.

dering final judgment, the plaintiffs introduced the note in evidence on which the suit was brought, and which is as follows: " $392\frac{47}{100}$. Saint Louis, April 17th, 1857. Six months after date, we, the subscribers of the town of Terre Haute, county of Henderson, and State of Illinois, promise to pay to Claflin, Allen & Emmerson or order, three hundred ninety-two dollars and forty-seven cents, for value received, negotiable and payable without defalcation or discount, with interest from maturity, at the rate of ten per cent. per annum. G. R. ARCHER & BRO'S." And the defendant repeated his objections to striking the plea from the files, and rendering judgment in chief.

Omitting the credits indorsed on the note, the above is the substance of the bill of exceptions.

The errors assigned are: 1, striking the plea in abatement from the files; 2, rendering a judgment upon the note; 3, in not dismissing the attachment for want of a proper affidavit.

The appellants were personally served with process, and appeared to the action at the May term, 1859, and then and there entered a motion for a continuance of the cause to the next term, to which term the cause was continued.

At the next term, a rule was taken on the defendants " to plead to the action." Under our practice act, a party is bound to plead at the first term if the declaration is filed ten days before the term, unless cause is shown for delay. The declaration in this cause was filed ten days before the first day of the term, and if the defendants' defense was of a dilatory character, not going to the merits, it was their duty to have interposed it, at the first term.

Such pleas are not favored, as they tend to delay a settlement of the controversy according to its merits. Such being the tendency, the utmost strictness is required, and such a plea must be put in at the earliest opportunity afforded the party, so that there may be no unnecessary delay. After a general imparlance, which is nothing more than a continuance, all the books hold, a plea in abatement, for matter which existed before the continuance, comes too late. 1 Ch. Pl.

455, and the cases cited in notes. *Gaines* v. *Conn's Heirs*, 2 Dana, 231. An appearance had been entered and a motion to dismiss the attachment had been made by the defendants. It was therefore, for these reasons, not in apt time, not at the earliest practicable moment. *Holloway et al.* v. *Freeman*, 22 Ill. 202; *Roberts* v. *Thompson*, 28 Ill. 79.

If such a plea be pleaded after a general imparlance, or after a continuance, the plaintiff may either sign judgment or apply to the court, by motion, to set it aside. 1 Tidd's Practice, 463.

The matter of this plea in abatement existed and was known to the defendants, at the first term, when it should have been pleaded. At the next term, they were under a rule to plead to the action, which is equivalent to a rule to plead to the merits. The plea in abatement did not comply with this rule, and was properly stricken from the files. The record shows no agreement that defendants might plead in abatement, but they were required to plead to the action.

If the amended affidavit had introduced new matter, to which a plea in abatement might have been pleaded, then it would have been proper to allow the defendants to plead in abatement to such new matter, but the amended affidavit introduced no new matter, and therefore, the plea was not in time.

The second error assigned is predicated, doubtless, upon a supposed variance between the note declared on, and the one set out in the bill of exceptions. The note in the bill of exceptions contains these words: "without defalcation or discount," and the declaration upon the note omits them, and this is urged as a variance.

It is a rule in declaring upon a promissory note or other instrument in writing, that the instrument must be described substantially as it is, or according to its legal effect. The words "without defalcation or discount," do not add to, or subtract from the legal effect of the note. Under the statute, it was negotiable without those words, and if it contained

them, it would be subject to any claims to discount the defendants might be able to substantiate. All promissory notes under our statute are negotiable, and have the same legal effect without those words as with them. They all purport, on their face, to be payable without defalcation or discount. The insertion, therefore, of those words in the body of the notes, would give them no other meaning or legal effect than the statute gives them.

The legal effect of this note, not being altered by those words, the omission of them in the declaration was no variance. It was the same note in legal effect. It is never necessary to declare in the precise words of a written promise ; it is allowable, and often necessary, to declare according to their legal effect and import. If the pleader, however, professes to give the legal effect of the instrument, and the legal operation is different from that which appears by his statement, it will be a fatal variance. 1 Ch. Pl. 305-6.

Testing this case by this rule, there is no variance, for the legal effect of the note is correctly stated. Under our statute this would be a negotiable promissory note : " I promise to pay A. B. ten dollars," or any other sum of money or article of personal property, and signed by the maker. Such a note has all the constituents of negotiable paper of the highest character. It need not be expressed to be for value received, nor payable to order, to make it negotiable, nor need it have a date, as delivery gives it effect, and no time being specified, it is payable on demand. *Stewart et al.* v. *Smith*, 28 Ill. 397.

But if there was a variance, the appellants cannot take advantage of it, as the judgment was taken on their default of a plea. There was no trial had, nothing but an inquest of damages by the clerk; and when the note was before him on which he assessed the damages, it was not objected by the appellants that there was any variance, nor was any special objection of any kind raised on the assessment by the appellants.

It is objected by the appellants, that the affidavit of the

attaching creditors was defective, in not alleging, in positive terms, the intention of the debtor to leave the State, and reference is made to the case of *Dyer* v. *Flint*, 20 Ill. 80. In that case, the attachment was sued out against a non-resident debtor, and the fact of non-residence was positively stated, but the indebtedness was not. The statute requires a positive averment, both of non-residence, a fact in the knowledge of the attaching creditor, and a like averment of indebtedness, a fact likewise within his knowledge.

In this case, the attachment, though not against a non-resident debtor, was defective in failing to aver, in positive terms, the design to depart the State with the intention of taking their property out of the State to the injury of their creditors, in the terms of the statute. These positive averments seem to be made necessary by the statute, and affidavits ought, and usually do, contain them. *White* v. *Wilson*, 5 Gilm. 21 ; *Walker* v. *Welch*, 13 Ill. 674.

This motion to dismiss for defects in the affidavit, was of a dilatory character, not going to the merits of the action, and should have preceded the motion to continue, for if the affidavit was defective, and not amendable, the motion put an end to the case, and no continuance was necessary. It was the very first motion that should have been, but was not, first made. It is now too late to object to its sufficiency. Here the parties appeared, and by their appearance became subject to all the rules and order of pleading; in *Dyer* v. *Flint*, the record did not show any appearance. A party making a full appearance, as in this case, is bound to make an objection which would dispose of the case, at the earliest practicable moment, and take notice of the order of pleading. Here it was not done. Besides, the defendants pleaded to the affidavit, and that was a waiver of the objection. It makes no difference that the plea was stricken from the files — that fact cannot affect the rules prescribed for the due order of pleading.

We perceive no defect in the declaration ; the averment of the time at which the note was payable, was in the terms of

the note and making it more specific, was mere surplusage, and if incorrect, could not vitiate. The note was payable six months after date, and so alleged in the declaration.

Perceiving no error in the record, the judgment must be affirmed.

*Judgment affirmed.*