# JOHN REITZ *et al.*

*v.*

# THE PEOPLE, for use, etc.

1. ATTACHMENT—*sufficiency of affidavit.* Where the affidavit for a foreign attachment fails to state the place of residence of the defendant, or that, on diligent inquiry, the affiant is unable to ascertain the same, it will not be in compliance with the statute, and when judgment is by default, the objection will be good on appeal or error.

2. SAME—*sheriff's return of levy.* The statute requires that the sheriff's return of the levy of an attachment shall state that the property levied on is that of the defendant, or was levied on as his property.

3. JUDGES—*holding court for another on request.* Where the *placita* of a record shows that a judge of another circuit presided at the trial, it will be presumed that he did so by request of the proper judge whose duty it is to hold courts in such county. It would be well for the *placita* to show such fact, but it is not indispensable it should.

WRIT OF ERROR to the Circuit Court of Washington county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

This was a suit commenced by attachment, and brought by the people of the State of Illinois, for the use of Mary L. Stark, against John Reitz and Carl A. Harbke.

Mr. WILLIAM WINKELMAN, for the plaintiffs in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a proceeding in the Washington circuit court, by foreign attachment, resulting in a judgment by default in favor of the plaintiffs.

On this appeal by the defendants, the point is made that the affidavit is not in compliance with the statute, in this: that it does not state the place of residence of the defendants, if known, and if not known, that, upon diligent inquiry, affiant has not been able to ascertain the same. This is the provision of section 2 of the Attachment Act, ch. 11, R. S. 1874, and it has not been observed by the plaintiffs.

Opinion of the Court.

As the judgment was by default, the objection can be availed of on appeal. We can not dispense with a positive requirement of the statute.

Another objection is, that the property levied on is not alleged in the sheriff's return to be the property of the defendants, or that it was levied on as their property. This the statute requires, by section 8.

It is further objected, the default was taken immediately on proof of notice by publication. Section 23 provides that no default or proceeding shall be taken against any defendant not served with summons, unless he shall appear, until the expiration of ten days after the last publication as aforesaid (p. 156). It appears, from the record, the last publication was made on the third of September, 1873, and the default was taken in October of that year. Consequently, more than ten days had elapsed before the default was taken. This objection is, therefore, not tenable.

It is further objected that the *placita* shows William H. Snyder, judge of the 22d judicial circuit, presided on the trial of the cause, and, as he was not the judge of the Washington circuit court, which this court judicially knows is in the 23d circuit, the proceedings were *coram non judice,* and, therefore, void, and of no effect. This court takes notice of these facts, and also of the law authorizing circuit judges to interchange and hold courts for one another on request. We will presume Judge Snyder held this court on request of the judge of that circuit. It would have been well the *placita* should have stated, "holding the term by request of the judge of the 23d judicial circuit," but the omission does not render the proceedings void.

For the reasons given, the judgment is reversed and the cause remanded.

*Judgment reversed.*