## GEORGE W. CRAYNE.

### v.

## WILLIAM D. WELLS ET. AL.*

ATTACHMENT—REQUIREMENTS OF AFFIDAVIT.—An affidavit in support of a writ of attachment, based upon the statutory ground that the debtor has departed from the State, must show that he had left the State "with the intention of having his effects removed therefrom." It is not sufficient to allege that he has gone beyond the reach of his creditors, nor does such affidavit amount to an allegation that the debtor was not a resident of this State.

ERROR to the Circuit Court of Greene county; the Hon˙ CYRUS EPLER, Judge, presiding.

Mr. J. W. ENGLISH and Mr. W. W. DRUMMOND, for plaintiff in error; that the affidavit was insufficient, cited Rev. Stat. chap. 11, § 1; Clark v. Roberts, Breese, 285; Dyer v. Flint, 21 Ill. 80.

As to the certificate of publication: Smith v. C. A. & St. L. R. R. Co., 67 Ill. 191.

Mr. J. L. PATTERSON and Mr. H. C. WITHERS, for defendants in error; as to proof of publication, cited Barnet v. Wolf, 70 Ill. 76.

There had been a substantial compliance with the statute: Wallace v. Cox, 71 Ill. 548; Thormeyer v. Sisson, 83 Ill. 188.

*This opinion decides three cases between the same parties.

Crayne v. Wells et al.

LACEY, J.   Each of the above suits were commenced by defendants in error against the plaintiff in error and others in attachment, and publication made, and the plaintiff in error not appearing, default was entered against him at the February term of the Circuit Court of Greene county, A. D. 1874.

The foundation of the action being certain promissory notes, judgment was rendered against the property of the plaintiff in error at that term of court in each of the above causes.

The affidavits upon which each of the above attachment suits were commenced are in terms the same.   Defendant in error alleges in each of them, after setting out the indebtedness due from plaintiff in error, to defendant in error, as follows:

"And the said George W. Crayne, one of the partners, etc., of the said firm, has departed from this State and beyond the reach of his creditors."

Among other assignments of error it is objected, "That the affidavit did not in either case confer jurisdiction over plaintiff in error, George W. Crayne, nor the subject-matter of this suit," so far as he was concerned.

The Statute provides that any creditor having a claim exceeding twenty dollars, may have attachment in any court of record having competent jurisdiction, against the property of his debtor or that of any one or more of several debtors, in any one of the following cases, etc.   Nine different cases are set out.   The third case, under which this writ is claimed to be issued, is as follows: "Where the debtor has departed from this State, with the intention of having his effects removed from this State."

Before an attachment can issue this ground for the writ must be supported by proper affidavit of the party, his agent or attorney, and filed with the clerk of the court where the attachment issues.   Revised Statutes 1874, 152, §§ 1, 2.

This was not done in this case.   The affidavit fails entirely to show that the plaintiff in error had left the State with the intention of having his effects removed therefrom.   It is not equivalent to allege that he has gone beyond the reach of his creditors; he must have the intention to remove his effects also.   Nor does such affidavit amount to an allegation that plaintiff in error was not a resident of this State.

For all that appears he may have gone out of the State to return next week or the next day. Clark v. Roberts, Breese 285; Dyer v. Flint, 21 Ill. 80; White v. Wilson, 5 Gilm. 21.

The judgment in each of the above causes is therefore reversed and the causes remanded, with instructions to the court below to allow the defendant in error to amend his affidavit in each case.

Reversed and remanded.