## WILLIAM ADAMS

v.

## SARAH MERRITT, Adm'x.

1. ATTACHMENT IN COURTS OF RECORD—AFFIDAVIT.—An affidavit for an attachment in courts of record, must allege positively and unequivocally, the existence of the facts which authorize the writ to issue.

2. JUDGMENT BY DEFAULT—DEFECT IN AFFIDAVIT TAKEN ADVANTAGE OF.—Where the judgment was rendered upon default, the want of a sufficient affidavit in attachment can be taken advantage of on appeal or writ of error.

ERROR to the Circuit Court of Schuyler county; the Hon.

S. P. SHOPE, Judge, presiding.  Opinion filed February 3, 1882.

Mr. WM. L. VANDEVENTER, for plaintiff in error; that the affidavit for attachment in courts of record must state the facts positively and not upon information and belief, cited Dyer v. Flint, 21 Ill. 80; Archer v. Claflin, 31 Ill. 317; Booth v. Rees, 26 Ill. 45; Winkler v. Barthel, 6 Bradwell, 111; Reitz v. The People, 77 Ill. 518.

Proceedings in attachment being in derogation of the common law, they must conform to the statute in all essential particulars: Cariker v. Anderson, 27 Ill. 358; Moore v. Hamilton, 2 Gilm. 429; Firebaugh v. Hall, 63 Ill. 81; Winkler v. Barthel, 6 Bradwell, 114.

The return of the sheriff upon the attachment writ is insufficient, it does not show upon whom or when the writ was served: Ball v. Shattuck, 16 Ill. 299; Botsford v. O'Connor, 57 Ill. 72; Ogle v. Coffey, 1 Scam. 239; Belingall v. Gear, 3 Scam. 575.

The judgment being by default, the sufficiency of the affidavit may be raised on error: Reitz v. The People, 77 Ill. 518; Dick v. Moore, 85 Ill. 66.

Messrs. MONTGOMERY & GLASS, for defendant in error; upon the rule of construction of statutes, cited Potter's Dwarris on Statutes, 144; Zarresseller v. The People, 17 Ill. 101; Frink v. King, 3 Scam. 144; Stribling v. Prettyman, 57 Ill. 371.

The affidavit is sufficient: Rev. Stat. 1874, Chap. 11, § 43.

DAVIS, J.  On the 3rd, of September, 1880, the defendant in error commenced an action of trespass against the plaintiff, and on the same day filed an affidavit and sued out an attachment in aid of such action and had it levied on the real estate of plaintiff in error.

Adams not being served, publication was made, and at the October term, 1880, judgment was rendered by default against him, and an order made that a special execution issue for the sale of the estate attached.  No disposition was made of the trespass suit, nor was there any legal personal service on Adams.

Adams v. Merritt.

The affidavit filed, on which the writ of attachment issued, is as follows (omitting the formal parts): "Sarah Merritt, of said county, being duly sworn, says that the above entitled action of trespass was commenced in said court by her, and is still pending and undetermined in said court. That the cause of action sued upon therein, is for damages for the unlawful killing of her husband, Colvin Merritt. That she believes that she is entitled to recover of the said William Adams after allowing all such credits and set-offs, three thousand dollars which is due, and that she has reason to believe and does believe that William Adams conceals himself, or stands in defiance of an officer, so that process can not be served upon him; that the residence of the said William Adams is unknown to the affiant, and that she has made diligent inquiry, and can not ascertain his present place of residence."

The errors assigned are, that the affidavit made by Sarah Merritt is insufficient to authorize the issuing of the writ of attachment, and that the court erred in rendering judgment against Adams, and in ordering the sale of the real estate levied on by virtue of such writ of attachment.

The law in force at the time the affidavit was filed and the writ issued, is entitled, "An act in regard to attachments in courts of record." Revised Statutes of 1874, page 152. It provides, section 1, "that in any court of record having competent jurisdiction, a creditor may have an attachment against the property of his debtor  *  *  *  in any one of the following cases:

1st.  Where the debtor is not a resident of this State. 2nd.  When the debtor conceals himself or stands in defiance of an officer, so that process can not be served upon him.  *  *  *  *  *

"Section 31.  The plaintiff in any action of debt, covenant or trespass, or on the case upon promises, having commenced an action by summons, or capias, may at any time pending such suit and before judgment therein, on filing in the office of the clerk where such action is pending, a sufficient bond and affidavit showing his right to an attachment under the first section of this act, sue out an attachment against the lands,

goods, chattels, rights, moneys, credits and effects of the defendant, which attachment shall be entitled in the suit pending and be in aid thereof." * * *

The defect in the affidavit claimed by plaintiff in error, is that the defendant in error swore only that she had reason to believe and did believe the fact to exist which authorized the writ to issue.

Under the statute of 1845, Purple's Statute, page 96, providing for the issuing of writs of attachment in circuit courts, the provisions of which are substantially the same as in the statute in force when this suit was commenced, it was held that an affidavit for a writ of attachment must allege positively and unequivocally the existence of the facts which authorize the writ to issue. It is not sufficient for such allegations to be made on the information and belief of the affiant. Dyer v. Flint, 21 Ill. 80; Archer et al. v. Claflin et al. 31 Ill. 306.

The legislature has prescribed no form of affidavit necessary to be filed to obtain a writ of attachment in courts of record. The form of affidavit given in the law authorizing such writs to be issued by justices of the peace, must be confined to proceedings before such officers. The fact that the form is given in cases before justices, permitting such writs to issue on an affidavit that affiant has good reason to believe and does believe the cause to exist which authorizes the writ to issue, and no form is given in cases in courts of record, leads to the conclusion that the requirements of the affidavits in cases of attachments in the circuit court were to be governed by the decisions of the Supreme Court in the cases cited, in construing a similar law which had been for years in full force and operation.

The statute regulating attachments in courts of record and the one authorizing them before justices of the peace are separate and distinct acts. One approved December 23d, 1871, and the other February 9th, 1872. And the provisions of the one governing courts of record apply to attachments before justices of the peace only so far as the same are applicable and not inconsistent with the provisions which are especially applicable to the latter.

There is a good reason why the affidavit in courts of record should allege positively and unequivocally the existence of the facts authorizing the issue of the writ, and it is because the writ can be levied on the estate, real and personal, of the defendant, and may be for a sum only limited by the amount of the indebtedness existing, while before justices of the peace the writ can only be levied upon personal property, and can not exceed two hundred dollars in amount.

In this case the judgment below was by default, and in such cases the want of a sufficient affidavit can be taken advantage of on appeal or writ of error. Reitz et al. v. The People, 77 Ill. 518.

For the errors indicated the judgment of the court below must be reversed and the cause remanded.

Judgment reversed.