Prins v. Hinchliff.

## GEORGE W. PRINS
## v.
## WILLIAM E. HINCHLIFF.

1.  AFFIDAVIT FOR ATTACHMENT.—An affidavit for attachment must allege some one or more of the grounds for such writ prescribed by the statute positively and unequivocally.  An allegation in the alternative is not sufficient.

2.  SAME.—An affidavit for attachment which fails to state the place of residence of the defendant, or that upon diligent inquiry the affiant had not been able to ascertain the same, is defective.

ERROR to the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding. Opinion filed November 17, 1885.

Mr. JAMES R. MANN and Mr. C. C. COPELAND, for plaintiff in error; cited Thormeyer v. Sisson, 83 Ill. 189; Reitz v. People, 77 Ill. 518.

An affidavit for attachment in the disjunctive form is insufficient to sustain a judgment by default: Drake on Attachment, 6th Ed., §§ 101, 101a; Rosenheim v. Fifield, 12 Bradwell, 302; Devall v. Taylor, Cheves (S. C.), 6.

Mr. FRED. ARND, for defendant in error; that the appearance of defendant cured all defects in the process, cited Miles v. Goodwin, 35 Ill. 52; Martin v. Judd, 60 Ill. 78.

BAILEY, P. J. In this case William E. Hinchliff commenced a suit by attachment against George W. Prins, to recover an indebtedness of $661.50, for goods sold and delivered The affidavit for the attachment, after setting forth the nature and amount of the indebtedness sued for, stated that the defendant had departed from this State with the intention of having his effects removed from this State, *or* had within two years, then last past, fraudulently conveyed or assigned his effects or a part thereof, so as to hinder and delay his creditors, *or* had within the two years then last past fraudulently concealed or disposed of his property so as to hinder and delay his creditors, *or* was about fraudulently to conceal, assign or otherwise dispose of his property or effects so as to hinder or delay his creditors. The affidavit contained no statement as to the place of residence of the defendant, or that such residence was not known, or that the plaintiff, upon diligent inquiry, was not able to ascertain the same. The return of the sheriff showed a levy of the writ upon divers goods and chattels of the defendant, and also certified that the defendant was not found in the county. A notice to the defendant having been published for the period prescribed by the statute, and

the defendant not appearing, judgment was rendered against him by default for $661.50 and costs.

It is manifest that this judgment can not be sustained. The affidavit states several of the statutory grounds for an attach- ment in the alternative, but neither of them positively. An affidavit for an attachment must allege some one or more of the grounds for such writ prescribed by the statute positively and unequivocally. Dyer v. Flint, 21 Ill. 80; Archer v. Claflin, 31 Id. 306. An allegation in the alternative is not sufficient. Hagood v. Hunter, 1 McCord, 511; Devall v. Taylor, Cheves (S. C.), 5; Miller v. Munson, 34 Wis. 579; Drake on Attachment, § 104, et seq. A creditor may allege as many grounds as he chooses, but they should be alleged cumulatively, and if one be proved it will sustain the writ: Rosenheim v. Fifield, 12 Bradwell, 302.

The affidavit is also defective in failing to state the place of residence of the defendant, or that, upon diligent inquiry, the affiant had not been able to ascertain the same. This is one of the material requirements of the statute now in force, and without it a writ of attachment can not properly issue. R. S., Chap. 11, § 2.

It is claimed, however, that the defendant waived the de- fects in the affidavit by an appearance. It is sufficient to say that the record is absolutely barren of evidence tending to show that any such appearance was entered. The claim is based upon certain affidavits, filed on behalf of the plaintiff below, in support of a motion for a rule on the sheriff to amend his return. These affidavits were not preserved by bill of exceptions, and are no part of the record, and can not be considered here for any purpose, although the plaintiff's counsel has seen fit to have them copied into an amended transcript and filed in this court. Only matters properly per- taining to the record should be brought to this court, and the practice of incumbering the transcript with affidavits and other papers, not made matters of record, is an abuse which should be discountenanced and condemned.

There being no sufficient affidavit to warrant the issuing of a writ of attachment, the judgment thereon was erroneous.

The judgment will therefore be reversed and the cause re-manded.

Judgment reversed.