122    APPELLATE COURTS OF ILLINOIS.

VOL. 72.] Syndicate des Cultivators des Oignons a Fleur v. Currie.

---

## Syndicate des Cultivators des Oignons a Fleur v. James Currie, Sr., et al.

1. ATTACHMENT—*What the Affidavit Must Allege.*—The affidavit for an attachment must allege the several matters necessary to authorize the writ in positive and unequivocal terms. Such allegations can not be made upon information and belief.

Attachment.—Error to the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in this court at the October term, 1897. Reversed and remanded. Opinion filed November 2, 1897.

Louis J. Piersen, attorney for plaintiff in error, contended that the affidavit for attachment must be positive. Information and belief can not supply the place of positive allegations. Nothing short of positive allegations of the indebtedness and non-residence fulfills the requirements of the statute. Dyer v. Flint, 21 Ill. 80; Archer v. Claflin, 31 Ill. 306; Prins v. Hinchliff, 17 Brad. 153; Reitz v. The People, 77 Ill. 518; Thormeyer v. Sisson, 83 Ill. 188.

Morse, Ives & Tone, attorneys for defendants in error.

Mr. Justice Sears delivered the opinion of the Court.

This suit is upon contract, was begun by attachment, and resulted in judgment by default against plaintiff in error. No service of process was had save by publication, based upon the affidavit for attachment.

The case turns upon the sufficiency of the affidavit, which is the basis of the attachment proceeding, and of the court's jurisdiction.

The affidavit recites that affiant " is one of the plaintiffs herein, and makes this affidavit on their behalf, that (naming the plaintiffs) have a just demand against Syndicate des Cultivators des Oignons a Fleur, a foreign corporation, on account of damages for breach of express contract, and the affiant believes that the plaintiffs (naming them) are entitled to recover of Syndicate des Cultivators des Oignons a Fleur, after allowing all just credits and set-offs, seven hundred and seventy dollars and forty-eight cents, which is now due, and that he has good reason to believe and does believe that the said Syndicate des Cultivators des Oignons a Fleur is a foreign corporation, and is not a resident of the State of Illinois, and that the place of residence and location of the principal office of the said Syndicate des Cultivators des Oignons a Fleur is at Ollioules (Var.), France."

The affidavit for an attachment must allege the several matters necessary to authorize the writ, in positive and unequivocal terms. Prins v. Hinchliff, 17 Ill. App. 153.

Nor may these allegations be made upon information and belief alone.

"Information and belief can not supply the place of a positive allegation that the defendant is indebted, or, that he is non-resident." Dyer v. Flint, 21 Ill. 80.

The rule can, in principle, be extended as well to cover an allegation upon belief alone. A statement upon belief only, unaccompanied by showing as to whether such belief is founded upon knowledge or information, can not be accepted as a substitute for positive averment.

The statute has been construed to require a positive allegation of non-residence, as a fact within the knowledge of the affiant, and a like allegation of indebtedness as a fact within his knowledge. Archer v. Claflin, 31 Ill. 306.

The case In re Keller, 36 Fed. Rep. 681, cited, which interprets a statute requiring positive verification, seems, so far as the facts of the case are disclosed, to support the contention of counsel for defendant in error. But we decline to accept that decision as authority *contra* the reasonable and well settled rule of our own State.

The judgment is reversed and the cause remanded.