### George G. Brandenburg v. James K. Malcolm, Doing Business as the Chicago Knitting Co.

1. ATTACHMENTS—*Affidavits and Final Proofs.*—A party applying for
an attachment must make oath to the existence of the facts upon which
he asks for the writ, and upon the trial he must prove the existence of
such facts; not merely that he or his agent had heard or seen certain
things from which the reasonable inference is that the debtor had done
or was about to do the acts referred to in his affidavit.

Attachment.—Appeal from the Superior Court of Cook County;
the Hon. MARCUS KAVANAGH, Judge presiding.   Heard in the Branch
Appellate Court at the March term, 1901.   Affirmed.   Opinion filed
May 23, 1902.

Statement.—February 2, 1899, appellant sued out of the
Superior Court a writ of attachment against the goods of
appellee to secure a claim due from appellee to appellant.
The affidavit set out four grounds for attachment, to wit:
First. Appellee is about to remove property from this
State, to the injury of the appellant.   Second. Has within
two years last past fraudulently conveyed or assigned his
effects, or a part thereof, so as to hinder and delay his cred-
itors.   Third. Has within two years last past fraudulently
concealed or disposed of his property, so as to hinder and
delay his creditors.   Fourth. And is about fraudulently

Brandenburg v. Malcolm.

to conceal, assign or otherwise dispose of his property or effects so as to hinder or delay his creditors. On the trial it appeared that appellee, July 22, 1898, owed appellant $607.90. Appellant's claim was turned over to Clyde E. Marsh, Esq., for collection. Mr. Marsh discovered, as he thought, a design by Malcolm to defeat and delay creditors, and caused attachment proceedings to be commenced. A levy was made and a trial had upon the issues found by a traverse of all the grounds upon which the attachment was predicated; and a denial of the alleged indebtedness. The jury found for appellee upon the issue in assumpsit and also upon the issues under the attachment.

The court set aside the verdict as to the indebtedness and rendered judgment in the attachment proceedings for appellee. From this the plaintiff below prosecutes this appeal.

Dow, WALKER & MARSH, attorneys for appellant.

BULKLEY, GRAY & MORE, attorneys for appellee.

MR. JUSTICE WATERMAN delivered the opinion of the court.

It is not enough that one making an affidavit for attachment shall be informed and believe that one or more of the statutory grounds for an attachment exist. He must make oath to the existence of the facts upon which he asks for the writ; and upon trial the plaintiff must prove such existence; not merely that he or his agent had heard or seen certain things from which the reasonable inference was and is that the debtor had done or was about to do that which under oath was alleged, but that the affidavit is true in substance and fact. Prins v. Hinchcliff, 17 Ill. App. 153; Foster v. Illinski, 3 Ill. App. 345; Dyer v. Flint, 21 Ill. 80; Archer v. Claflin, 31 Ill. 306.

The most that appellant established upon the trial of this cause was that Mr. Marsh had seen and been told things that justified him in believing that the attachment affidavit by him made was true.

That none of the alleged grounds for attachment ex-

isted was abundantly established in the trial below. The verdict of the jury upon the attachment issues and the judgment of the court thereon were so in accordance with the evidence that the error, if any there were, in that which appellant terms "reprimanding" a witness, must be overlooked. The affidavit of Miss Kaolpke introduced in support of the motion for a new trial added nothing new and material to that adduced at the trial.

The judgment of the Superior Court is affirmed.