## John Tobin v. Susan O. Brooks.

### Gen. No. 4,263.

1. AFFIDAVIT OF NON-RESIDENCE—*when, does not support service by publication.* Service by publication is void where predicated upon an affidavit of non-residence as follows :

" H. A. Brooks, attorney for the above named complainant, on his oath, states that the above named defendant, John Tobin, is not a resident of this state; affiant further states that· he has made diligent inquiry to learn his place of residence and has been *enabled* to ascertain the same."

2. CERTIFICATE OF PUBLICATION—*when, does not support service by publication.* A certificate of publication which does not show that the notice therein referred to was published once in each week for four successive weeks, is void, and will not support service by publication.

Proceeding to foreclose real estate mortgage. Error to the Circuit Court of Lee County; the Hon. RICHARD S. FARRAND, Judge, presiding. Heard in this court at the October term, 1903. Reversed and remanded. Opinion filed March 14, 1904.

HENRY S. DIXON, for plaintiff in error.

H. A. BROOKS, for defendant in error.

MR. JUSTICE VICKERS delivered the opinion of the court.

This was a bill in chancery to foreclose a mortgage in the Lee County Circuit Court. The service was by publication, and a decree by default.

The errors relied on to reverse the decree are, that the affidavit of non-residence is defective and that the certificate of publication of notice is not in compliance with the statute.

The affidavit is as follows :

" H. A. Brooks, attorney for the above named complainant, on his oath, states that the above named defendant, John Tobin, is not a resident of this state; affiant further states that he has made diligent inquiry to learn his place of residence and has been *enabled* to ascertain the same.                                    H. A. BROOKS."

It will be observed that this affidavit states that the

affiant " has made diligent inquiry to learn his place of residence and has been *enabled* to ascertain the same."

Enabled cannot be construed as *idem sonans* with unable. They are two words with almost opposite meanings. The affidavit of non-residence is jurisdictional, and must conform to the requirements of section 12 of Revised Statutes, chapter 22, relating to chancery practice. Campbell v. McCahan, 41 Ill. 45; Hartung v. Hartung, 8 App. 156; Dick v. Moore, 85 Ill. 66; Reitz v. People, 77 Ill. 518.

The certificate of the publisher is also defective in that it fails to show that the notice was published once each week for four successive weeks. The certificate is as follows :

" Fuller Bros. do hereby certify that we are the publishers of the Dixon Daily Sun, a daily newspaper published and printed at Dixon, in the said County and State, on every day of the week except Sundays, and that the annexed legal notice was published in said newspaper four times; that the date of the first paper containing said notice was Wednesday, the 5th day of March, 1902, and the date of the last paper containing said notice was Wednesday, the 26th day of March, 1902.

Dated at Dixon, in the said County, this 16th day of April, 1902.

FULLER BROS.,<br>E. C. FULLER."

For aught that is stated in this certificate, the notice may have been published three times the first week and not again until the 26th of March. This would not be a compliance with the statute which requires the notice to be published once in each week for four successive weeks. Hurd's R. S., sec. 13, ch. 22.

For the errors indicated, the decree is reversed and remanded.

*Reversed and remanded.*