JEFFRIES, Defendant in Error, *vs.* HAGER *et al.*, Plaintiffs in Error.

1. An accepted order, payable in articles to be manufactured by the acceptor at a future time, does not import a consideration, and cannot be sued upon as an inland bill of exchange, or as a promissory note ; nor does it, like an accepted order to deliver specific articles which are designated, vest the property in the person in whose favor it is drawn.

*Error to St. Louis Circuit Court.*

C. *Gibson,* for plaintiff in error.
D. C. *Woods,* for defendant in error.

SCOTT, Judge, delivered the opinion of the court.

William Henry gave an order on the plaintiffs in error (defendants below) on the 27th June, 1852, whereby they were requested to make to the order of Jeffries, the defendant in error and plaintiff below, a buggy worth at fair valuation, one hun-

dred and sixty dollars, which order was on the same day accepted by the plaintiffs in error in writing. Jeffries brought suit on this instrument as though it were a bill of exchange, setting forth no consideration for the undertaking of the plaintiffs in error. The defendants below answered saying, that the true nature of the transaction is as follows : Henry, the drawer of the order, had borrowed of Jeffries the sum of one hundred dollars, and the plaintiffs in error accepted the said order, and gave it to Jeffries to hold as security for the payment of the said sum of one hundred dollars ; and further allege, that before the bringing of the suit, they had tendered to Jeffries the said sum of one hundred dollars, with interest, and that they have ever since been ready to pay it. The court disregarded the answer as containing no defence to the action, and rendered judgment for the plaintiff, from which this appeal is taken.

1. It is obvious that the instrument which is the foundation of this action, is no inland bill of exchange, being made payable in property. It, therefore, imports no consideration and no action can be maintained on it as on an inland bill of exchange. 1 Strange, 591. Nor is it like an order to deliver specific articles which are designated, the acceptance of which has been held to vest the property in the person in whose favor the order was drawn. *Gillett* v. *Hill,* 2 Carr. & Moo. 530. The property here could not vest, as it had not been made. By the common law, an acceptor undertakes to pay the debt of another, and he can only be charged in a special action on the case founded on the custom of merchants. 2 Wash. 229. Nor do we conceive that the instrument is a promissory note, within the contemplation of our statute concerning bonds and notes. That statute enacts, that all notes in writing, made and signed by any person or his agent, whereby he shall promise to pay any other person or his order, or unto bearer, any sum of money or property therein mentioned, shall import a consideration, and be due and payable as therein specified. There are

cases in which accepted orders have been used as evidence in actions for money had and received against the acceptor, but no case, uninfluenced by statutory regulations, has been found in which an action has been sustained on an order, unless clothed with the formalities which made it a bill of exchange. An order is not a note in the usual acceptation of the term. When one promises another directly to pay him money, there is nothing unreasonable in presuming it was for a consideration. But where one, at the request of another, undertakes to pay a debt to a third person, the consideration of this last undertaking is not so obvious. All the authorities show that the person making the promise should have received a consideration from him for whose benefit or on whose behalf he assumes the undertaking.

The other judges concurring, the judgment will be reversed and the cause remanded.