CHARLES J. WILDER, Plaintiff in Error, *v.* WILLIAM F. DE WOLF, Defendant in Error.

### ERROR TO COOK.

A note made payable to A. B. or bearer, is assignable by indorsement under our statute.

Where a note or bill is put into circulation with a general indorsement, it may be filled up in the name of any *bona fide* holder, who may recover in his own name.

Notice of non-payment need not be given to an assignor.

THIS is an action brought against the appellant, as indorser of two promissory notes, payable to the order of the maker, by the holders, who derive their title by delivery merely, and without the indorsement of the party from whom they were received.

This cause is submitted to the court on the following agreed statement of facts :

The notes on which the action was brought were made payable to the order of the maker, and were indorsed in blank, and delivered by the maker to the defendant. The defendant then indorsed the notes in blank, without consideration, and delivered them to the maker, who then delivered the notes, so indorsed, to one Moss, and Moss transferred them by delivery, for a valuable consideration, but without his indorsement, to the plaintiffs. The plaintiffs had no knowledge that the indorsement of the defendant was without consideration, and all said transfers were made before the notes became due. When the notes became due, the maker was insolvent, and so continued to the time when the suit was instituted, so that during that time a suit against him would have been unavailing. The defendant had no notice of the non-payment of the notes when the said notes became due.

It is further agreed, that the defendant filed a plea authorized by the 59th section of the practice act, Rev. Stat. 1845, 2 Purple's Ed. 821, and verified according to the provisions of that act.

It is further agreed and admitted, that the said blank indorsement of the said defendant has been filled up by the said plaintiffs at the time of submitting this cause to the court, with a special indorsement, making the notes payable to them or their order, it being understood and agreed that the defendant does not admit the right of said plaintiffs to fill up said indorsement, without the indorsement of an assignee intermediate between defendant and plaintiffs being proved.

The Circuit Court of Cook county, MANNIERE, Judge, presiding, on the above statement of facts, gave judgment for the plaintiffs.

G. D. NOYES, for Plaintiff in Error.

J. H. THOMPSON, for Defendant in Error.

WALKER, J. The first question which we propose to consider is, whether a note payable to the maker, is such an instrument as is assignable by him under our statute. That act provides that all promissory notes, bonds, due bills, and other instruments in writing, made by any person, or body politic or corporate, by which such person promises or agrees to pay any sum of money or articles of personal property, or any sum of money in such property, to any other person, shall be taken to be due and payable to the person to whom such instrument is made. It also provides that such instrument shall be assignable by indorsement thereon, under the hand or hands of the payee or payees, and of his, her, or their assignees, in the same manner as bills of exchange are, so as absolutely to transfer and vest the property of such instrument in each and every assignee or assignees successively.

The statute of 3 and 4 Anne, has the provision, that such notes made to another person, to his or her order, or to bearer, shall be assignable by indorsement. This language is rather fuller than that employed in our act, but it makes no express provision that a note payable to the maker or to his order, shall be negotiable, and yet it seems now to be the well-settled construction of the act, given by the British courts, that such instruments are within its spirit, and that they may be as fully negotiated, and with precisely the same effect, as other notes. *Brown* v. *De Winton*, 6 C. B. 342; *Wood* v. *Mytton*, 10 Q. B. 805; *Hooper* v. *Williams*, 2 Exch. 13; *Gay* v. *Lander*, 6 C. B. 336; *Absolon* v. *Marks*, 11 Q. B. 19. These decisions of the courts in Westminster Hall, all concurring upon this point, are sufficient to induce us to concur in the construction there given to a statute containing language substantially similar to ours. These cases hold that, while the note is inoperative until it is negotiated, yet, when the maker indorses and delivers it, that it then becomes fully invested with the attributes of such an instrument, and subject to all of its incidents.

It is next objected, that after the note was assigned in blank, it was negotiated by mere delivery. There is no doctrine relating to commercial paper, which may be regarded as better settled, than when a note or bill is put into circulation, with a

general indorsement made by a proper party, that it may be filled up in the name of any *bona fide* holder, and that he may recover in his own name. 1 Pars. on Contracts, 212, bottom page, and authorities cited.

It was likewise urged, that the plaintiff below could not recover on the assignment, because notice of non-payment had not been given to the assignor. If anything may be regarded as settled in this court, it is, that in an action by an assignee against an assignor of a promissory note, a notice of non-payment is unnecessary to charge the latter. *State Bank* v. *Hawley*, 1 Scam. 480; *Holborn* v. *Actus*, 3 Scam. 344; *Pierce* v. *Short*, 14 Ill. R. 144. The right to recover is given by the statute, and when either of the contingencies there specified, occurs, the suit may be maintained. Notice is not required by the statute, and is therefore unnecessary.

The judgment of the court below must be affirmed.

*Judgment affirmed.*