Bilderback v. Burlingame.

*Decree affirmed.*

Harvey Bilderback, Appellant, *v.* Albert H. Burlingame, Appellee.

APPEAL FROM RANDOLPH.

*Held*, that the following instrument was negotiable under the statute, and that in an action upon it, a consideration need not be averred or proved : " Due W. B. G. $450, to be paid in lumber when called for, in good lumber, at $1.25."

An instrument admitting a certain sum of money to be due, which may be paid in merchandise, at a fixed price, becomes an absolute money demand, if the payee fails to deliver the merchandise when it is called for. If there were two payees, a refusal by one of them would be sufficient.

The cases of *Bradley* v. *Morris*, 3 Scam. 182, and *Lowe* v. *Bliss et al.*, 24 Ill. R. 169, overruled.

This was an action of assumpsit, instituted in the Randolph Circuit Court, against Henry Bilderback and Harvey Bilderback, by Albert H. Burlingame, the assignee of Wm. B. Goddard, returnable to the September term, 1860.

The return being " defendants not found," an alias writ was issued to the same defendants, returnable to the April term, 1861. It was returned served " by reading to Harvey Bilderback."

The declaration was filed at the September term, 1860. It contains but one special count, the substance of which is as follows : That said defendants, (Henry Bilderback and Harvey Bilderback,) on the 16th day of December, 1859, at, etc., " made their certain promissory note in writing," bearing date, etc., " and thereby then and there promised to pay to one Wm. B. Goddard the sum of four hundred and fifty dollars, to be paid in good lumber at one dollar and twenty-five cents, when called for, and then and there delivered the said promissory note to the said Wm. B. Goddard, and the said Wm. B. Goddard, to whom the said payment of the said sum of money, in good lumber, was to be made, as specified in said

promissory note, after the making and delivery of said promissory note by the said defendants, and before the payment thereof, called for and demanded of the said defendants the lumber as specified in said promissory note, but the said defendants utterly refused to furnish or deliver said lumber as required in said promissory note specified ; and the said Wm. B. Goddard, to whom the payment of said said sum of money, in lumber, in the said promissory note specified, was to be made, after the making of said promissory note, and after the demand of said lumber by the said Wm. B. Goddard, and the refusal by the said defendants to deliver said lumber, and before the payment of the said sum of money therein specified, to wit," etc., " on the 23rd day of May, 1860, at the county aforesaid, indorsed, by assignment, the said promissory note, by which said assignment, he, the said Wm. B. Goddard, then and there ordered and appointed the said sum of money in the said promissory note specified to be paid to the said plaintiff,' and then there delivered the said promissory note so assigned as aforesaid, to the said plaintiff, by means whereof," etc., " the said defendants became liable to pay to the said plaintiff the said sum of money in the said promissory note specified, according the tenor and effect of said promissory note ; and being so liable, they, the said defendants, in consideration thereof, afterwards, to wit, on the day and year aforesaid, at the county and State aforesaid, undertook, and then and there faithfully promised the said plaintiff to pay him the said sum of money in the said promissory note specified, according to the tenor and effect thereof."

The following is a copy of the plea in answer to the foregoing special count :

" Harvey Bilderback, one of the defendants in the foregoing case, by his attorney, comes and defends the wrong, etc., and and says, for a plea to the first count of said plaintiff's declaration, that he did not make said promissory note, and undertake and promise, in manner and form as in said count is alleged, and of this he puts himself upon the country." Paintiff joined issue.

The cause was submitted to the court, without a jury. The plaintiff offered the following written instrument in evidence under the first count of the declaration, to wit :

" $450.00.                                        *December* 16, 1859.

" Due Wm. B. Goddard four hundred and fifty dollars, to be paid in lumber when called for, in good lumber, at one dollar and twenty-five cents.

(Signed)                    HENRY BILDERBACK.
                            HARVEY BILDERBACK."

Defendant objected to the instrument, as being variant from and inadmissible under said count. The objection was overruled, and the instrument admitted in evidence; to which the defendant excepted. The assignment on the back of said instrument was written as follows:

"For value received, I assign the within note to Albert H. Burlingame.
     "*May* 23, 1860.                          WM. B. GODDARD."

*David McConechie* was sworn, and examined by plaintiff, and testified that he carried the foregoing instrument down to Mr. Bilderback, and that Bilderback refused to give lumber for it; and that was about this time last year. Mr. Goddard gave witness the note. Witness did not remember whether the assignment was then on it. Bilderback had lumber on hand; at the time he sold witness lumber, on witness' own hook.

*Reuben Goddard* testified: He saw the note about this time last year. Mr. Harvey Bilderback came up to Sparta, and wished to make a settlement with Wm. B. Goddard, and Bilderback and Goddard made a settlement. A credit was indorsed on the note of $56.65, dated May 18, 1860. Mr. Goddard made a demand at that time for lumber on the note. Mr. Bilderback refused; and after subtracting the credit, Goddard and Bilderback agreed on the amount that was coming. There were then two other credits on the note, one for $81.25, and one for $14.50, which were taken into account at the settlement, and after subtracting those credits, Henry Bilderback admitted the balance due Wm. B. Goddard, but would not pay it unless Wm. B. Goddard would go security on a note of J. B. Parks and Wm. M. Davids, which he (Henry Bilderback) held.

No other testimony was offered or admitted in the case.

The court found a verdict for plaintiff for $314.70. Defendant moved for a new trial. Motion overruled, to which defendant excepted. Judgment was rendered for plaintiff for the amount of the verdict.

Defendant, Harvey Bilderback, prayed this appeal and for a bill of exceptions.

By consent of parties, the record is brought to the Second Division.

The appellant assigns the following errors in the proceedings of the Circuit Court:

Error in admitting the written instrument as evidence to sustain the special count in plaintiff's declaration.

Error in the verdict.

And error in overruling the motion for a new trial, and in rendering judgment for plaintiff.

THOMAS G. ALLEN, for Appellant.

J. B. UNDERWOOD, for Appellee.

BREESE, J. The points made on this record are to be determined by our statute, chap. 73, title, "Negotiable Instruments," (Scates' Comp. 291). The third section of that chapter provides, that all promissory notes, bonds, due-bills, and other instruments in writing, made or to be made by any person or persons, body politic or corporate, whereby such person or persons promise or agree to pay any sum of money or articles of personal property, or any sum of money in personal property, or acknowledge any sum of money or article of personal property to be due to any other person or persons, shall be taken to be due and payable; and the sum of money or article of personal property therein mentioned, shall, by virtue thereof, be due and payable to the person or persons to whom the said note, bond, bill or other instrument in writing is made.

The fourth section bestows upon such paper an assignable quality, and the fifth section authorizes the assignee to sue upon it, in his own name.

In the sense of the commercial law, the note, in the record, is not a promissory note, and a consideration, therefore, would have to be averred and proved, as it does not, on its face, import a consideration. The statute quoted has changed this law, and made such a writing negotiable. It has all the requisites of the statute. It is made by a person, who acknowledges a certain specific sum of money to be due to another person, which sum of money may be discharged in certain property at a certain price. The case of *Bradley* v. *Morris*, 3 Scam. 182, cited by appellant's counsel, as governing this case, must be admitted to be, in most respects, precisely like this case. In that case, suit was brought on a note for $225, and an accepted order for $450 payable in lumber. The accepted order for $450, it was contended, was a bill of exchange, and ought to be governed by the rules applicable to such instruments. The court say, "It is true, it is in the form of a bill of exchange, and by statute is made transferable by indorsement or assignment; but here the analogy ends. The statute has not declared it to be a bill of exchange, and the law recognizes instruments of writing for the payment of money only as coming under this denomination. As this order, therefore, is not for the payment of money, but for the delivery of lumber to the value of a specified sum, it cannot be regarded as a bill of exchange; nor are the rules govern-

ing the rights and obligations of parties to such instruments applicable to it."

When this decision was pronounced, a statute, in all respects like the one we have cited, was in full force (R. L. 1833, page 482), and it seems strange such a decision should have been pronounced. The bill of exchange was for a specified sum of money, with the privilege to the acceptor to pay it in lumber. *Borah* v. *Curry*, 12 Ill. 66. It was a money demand, from which the acceptor could have discharged himself only by proving the delivery, or offer to deliver, the proper quantity of lumber, or by the payment of the money. It was not a bill for the delivery of lumber in any sense, nor like a covenant to deliver lumber, for a breach of which the party could recover damages. It was a privilege to the maker to discharge his acceptance in lumber, and on his failure so to do, the money could be demanded. The note in suit here, has a striking resemblance to this bill of exchange, it being a negotiable note, and indorsed by the payee. The indorser of the note stands in the same position as the drawer of the bill, and the maker of the note is under the same liabilities as the acceptor, and both are within the scope of the statute cited. The case of *Bradley* v. *Morris* cannot be the law, and cannot control this case.

The case of *Kelley* v. *Hemmingway*, 13 Ill. 604, is not, in any particular, such a case as this. In that case the note was decided not to be a promissory note and negotiable under the statute, for the reason that it was payable on a contingency which might never happen, and therefore the money was not certainly and at all events payable, a necessary ingredient of a promissory note, as well under our statute as by the commercial law.

We come now to the case of *Lowe* v. *Bliss et al.*, 24 Ill. 169, the latest case on the point raised here. That decision was by a majority of the court, there being one dissenting.

We are free to say, on more mature reflection, that so much of the opinion in that case, as decides that the instrument there presented was not admissible under the common counts without proving a consideration, is not in accordance with the statute quoted, because the note on its face was for value received, which imports *prima facie* a consideration. The majority of the court had more particularly in view the strict commercial law applicable to such cases. This instrument was evidence under the statute without proving a consideration. *Stacker* v. *Watson*, 1 Scam. 209. The payee of this note before it was indorsed, it is in proof, demanded the lumber of one of the makers of the note, which he refused to de-

liver, though he had lumber on hand at the time. On this refusal, the note became a money demand absolutely, and as such was assigned to the plaintiff. It is immaterial on whom the demand was made—it was on one of the makers of the note, and the refusal to pay the lumber, subjects either or both makers to its payment in money, and to the plaintiff in this suit, who is the undisputed assignee and owner of the note. The judgment is affirmed.

*Judgment affirmed.*