EDWARD SKILLEN *vs.* ADALINE A. RICHMOND and CHARLES
W. VAN DOREN.

A promissory note, or bill, to come within the rules for the protection of the holders of mercantile paper, must be payable absolutely, at some future period, not depending on a contingency, nor payably out of a particular fund.

An instrument was drawn in the usual form of a promissory note, except the following clause, viz: "Payable out of and from my separate property and estate, with interest payable quarterly." *Held* that the instrument was not affected by any of the above rules; the words used not referring to a particular fund, but to the whole estate of the maker. Individual promises are always payable from the separate estate of the maker.

*Held, also,* that whether the instrument was subject to the rules of law governing mercantile paper, or not, evidence to show an agreement, contemporaneous with the making or indorsement of the instrument, to extend the time of payment, was not admissible, in an action by the holder, against the maker and indorser. SUTHERLAND, J. dissented.

Neither a promissory note, nor any other agreement in writing, can be varied or impaired by parol evidence.

THIS action was brought upon an instrument alleged to be a promissory note, made by the defendant Richmond, and indorsed by the defendant Van Doren, and delivered to one Thomas Aitken; who afterwards, before maturity, delivered the same to the plaintiff. The instrument was as follows :

. "$2,500.          NEW YORK, Dec. 31st, 1863.

Twelve months after date, I promise to pay to the order of C. W. Van Doren, the sum of two thousand five hundred dollars, value received, payable out of and from my separate property and estate, with interest payable quarterly, value received."

　　　　　　　· (Signed,)          ADALINE A. RICHMOND.
　　　　　　　　(Endorsed,)          C. W. VAN DOREN.

The defendants, by their separate answers, denied the plaintiff's title as the lawful indorsee or holder of the said instrument, and alleged, as matter of defense, that Thomas Aitken was the real party in interest, and this action is prosecuted for his benefit; and that at the time of making, indorsing

and delivering the said instrument, an agreement was made between all the parties to the transaction, by which, at the option of the defendants, an additional time of six months would be allowed to them, in which to pay the sum intended to be secured by the instrument set forth in the complaint. The defendants also set up a counter-claim, of which, however, no evidence was given, in consequence of the ruling of the court.

The action was tried before Justice CLERKE, without a jury, who found the facts to be as follows:

*First.* That the promissory note mentioned and set forth in the complaint was executed by Adaline A. Richmond and indorsed by Charles W. Van Doren, the defendants in this action, in pursuance and as part of the consideration of a written contract of sale, made between A. E. Aitken and Adaline A. Richmond, of the right, title and interest of said A. E. Aitken in and to the business of the firm of C. W. Van Doren & Co. of which firm both of the defendants and said A. E. Aitken were members, said note bearing even date with said contract, and being fully described therein and forming a part of the same transaction.

*Second.* That said note was by said A. E. Aitken duly indorsed and delivered to the plaintiff, before the maturity thereof and for value received.

*Third.* That there is due and owing to the plaintiff, by the defendants, upon said note the sum of two thousand five hundred dollars principal, one hundred and twenty-one dollars and twenty-six cents interest, and one dollar fees of protest, amounting in all to the sum of two thousand six hundred and twenty-two dollars and twenty-six cents.

Upon the facts thus found by the judge, his conclusions as to the law were as follows:

*First.* That the plaintiff is the lawful owner and holder of said promissory note.

*Second.* That the defendant could not set up want of consideration between the original parties to the note, to dis-

charge them, or either of them, from their liability on said note to the plaintiff, a third party and a *bona fide* holder, who received the same for value before maturity.

*Third.* That judgment should be entered for the plaintiff against the defendants, for the sum of two thousand six hundred and twenty-two dollars and twenty-six cents, with costs, and an additional allowance of fifty dollars.

Judgment being entered accordingly, the defendants appealed.

*W. B. Ackley* and *Jas. F. Ridgeway*, for the appellants. I. The instrument set forth in the complaint and proved on the trial is *not a promissory note.* The essential qualities of a note or bill, are that it be payable at all events, not dependent upon any contingency, *nor payable out of a particular fund*, &c. (*Cook* v. *Satterlee*, 6 *Cowen*, 108.) This instrument is an agreement to pay out of and from the separate property and estate, and not to pay absolutely. It is not by its terms payable from any estate held jointly with another. It does not, on its face, appear to be the note of a married woman, and therefore the words are not to be assumed to be an intent to charge her separate estate as a *feme covert*, but are to be read as if used by a single woman or a man. If the evidence outside of the note is to be considered, it appears that Adaline A. Richmond was jointly interested in the assets of the firm of C. W. Van Doren & Co. and it does not appear, nor is it alleged that she had any separate estate whatever.

And again, the instrument does not provide for the payment of a certain expressed sum at a certain time, but provides for payment of interest in installments. Upon its face it cannot be told when it would become due. There might, upon default in payment of interest, be several causes of action on the same instrument. It is submitted that the possibility of such results is entirely inconsistent with the legal character of a promissory note. The instrument in question

is, therefore, nothing more than a special agreement to pay money, and is not to be treated as carrying with it, on its assignment, the privileges which attach to commercial or negotiable paper.

II. If the preceding point is well taken, then the plaintiff, if he has any title at all to the instrument in question, has that of an assignee of a chose in action, and not of an indorsee of mercantile paper, and is therefore affected by all the equities existing between the original parties. Therefore, the refusal of the justice, on the trial, to admit evidence as to the consideration to the defendant, Van Doren, for placing his name upon the instrument in question, was error. If the instrument was not a promissory note, but only a special contract, then the defendant Van Doren is merely a surety or guarantor, and it is competent for him to show that there was no consideration received by him. And it was also error, for the same reason, to refuse to admit evidence as to the agreement to extend the time of payment, as offered.

III. The case shows, and the facts are, that Mrs. Aitken, Mrs. Richmond, and Mr. Van Doren were copartners, by the name of C. W. Van Doren & Co, and that Mrs. Aitken sold her interest to Mrs. Richmond for $2500, and agreed that the said value of her share should remain in the business, she receiving interest therefor, quarterly, the principal sum, however, to be paid at the end of a year. The defendants, however, allege that at the same time it was expressly agreed that at the option of the defendants, six months further time to pay the same should be allowed. Mrs. Aitken, in the meantime to receive the interest quarterly. This agreement, the defendants were not allowed to prove. The justice during the whole of the trial treated the instrument in question as a promissory note, and the plaintiff as a bona fide holder thereof before maturity, and therefore not to be affected by any of the evidence offered by the defense. But if the plaintiff is only an assignee of a special contract, evidence of such an

agreement was clearly admissible, and it was error on the part of the justice to reject it.

IV. If the preceding points are not well taken, and the instrument in question is to be considered as a promissory note, then it is claimed that the plaintiff has failed to prove that he is the *bona fide* and lawful holder of the same. The plaintiff himself is not a witness. The only evidence as to the transfer of the note to the plaintiff, is that of Thomas Aitken, the husband of Mrs. Aitken. The instrument was, about a week before it was due, given to him by his wife *"for the purpose of raising money upon it."* This was on the 25th December, 1864. On the *same day* (no bank day) he passes it to the plaintiff, *paying teller* in a *bank*, for $100 in cash and check of $2400 on the *bank* of which plaintiff is teller. The action was tried in June 8th, 1865; and the husband, who does his business in his wife's name, and wants to raise money, throws away $43.75, one quarter's interest, gets only $100 in cash, and does not know at the trial, nearly six months afterwards, whether the $2400 check has been paid. It is obvious that the transfer of this instrument or alleged note was merely nominal, and not made in good faith; and that the plaintiff is not the real party in interest.

V. The plaintiff was allowed, upon the trial, to inquire into the circumstances under which this instrument was made, and the court permitted the plaintiff, under objection of the defendant's counsel, to prove an agreement to which the defendant, Van Doren, was not a party, and of which it is not shown that he had any notice whatever.

The defendant, Van Doren, cannot be charged with notice of the contents of that paper, simply because he was present when it was delivered. It does not appear that he ever heard of it, or knew of its execution. It was, therefore, error to allow the same in evidence as against him.

But it was equally error to refuse the admission of evidence on his part as to the circumstances and collateral agreement

attending the transaction, after the plaintiff had been permitted to give evidence on his part in respect thereto.

VI. Whether the instrument in question be considered a special agreement or a promissory note, the defendants were not permitted on the trial of this action to prove their equitable defense, and there should be a new trial.

*G. W. Wingate* and *H. C. Platt*, for the respondent. I. The bill of sale, fully describing the note in suit, as part consideration of the sale, was properly allowed in evidence to prove the original consideration, inasmuch as the defendants had set up a *failure of consideration* in their third defense. Its rejection as evidence would have had no material effect upon the case, as the defendants did not impeach the plaintiff's title to the note or prove that he had any notice of any agreement of renewal. The failure of consideration is no defense against an indorsee for value. (2 *Starkie on Evidence*, 170. 2 *Greenl. on Ev.* 184. *Perkins* v. *Challis*, 1 *N. H. Rep.* 254. *Waterman* v. *Barrett*, 4 *Harring.* 311.) As this evidence could not prejudice the defendants, or alter the result, its admission is no cause for a new trial. (*Crary* v. *Sprague*, 12 *Wend.* 41. *Beekman* v. *Platner*, 15 *Barb.* 550. *Woodruff* v. *McGrath*, 32 *N. Y. Rep.* 255. *Ashley* v. *Marshall*, 29 *id.* 503.)

II. The plaintiff was a *bona fide* holder for value, by *presumption of law.* It is a well settled rule that where a plaintiff introduces and proves a negotiable promissory note, payable to a third person, and, if to the order of such person, proves his indorsement thereof, the plaintiff is *prima facie* not only to be deemed the lawful owner of the note, but the presumption is that it came to him in the regular course of business before maturity. (*Vallett* v. *Parker*, 6 *Wend.* 615. *James* v. *Chalmers*, 2 *Seld.* 209. *Nelson* v. *Cowing*, 6 *Hill*, 336, 339. *Pinkerton* v. *Bailey*, 8 *Wend.* 600. 24 *How. Pr. R.* 64.) It is only where fraud, either in the in-

ception of the note or in putting it in circulation, has been shown that the burden of proof is thrown on the plaintiff to show, the payment of value. (*Catlin* v. *Hansen*, 1 *Duer*, 323. *Hart* v. *Potter*, 4 *id.* 459. *Ross* v. *Bedell*, 5 *id.* 467.) In addition to this *presumption of law*, we have the positive testimony of the *defendants' own witness* (Aitkin) that the plaintiff was a *bona fide* holder for value before maturity. This cures any mistake in the ruling. (*Vallett* v. *Parker*, 6 *Wend.* 615.) And is a waiver of the defendants' exception. (*Jackson* v. *Tuttle*, 7 *Cowen*, 364.)

III. The *bona fide* holder of a bill by indorsement before maturity, takes it subject to no equities between his assignor and the promissor, which are not indicated on the face of the note. (*Hall* v. *Wilson*, 16 *Barb.* 548. *Fletcher* v. *Gushee*, 32 *Maine R.* 587. *Walker* v. *Davis*, 33 *id.* 516. *Gwynn* v. *Lee*, 9 *Gill*, 138. *Kohlman* v. *Ludwig*, 5 *Lou. R.* 33. *Brown* v. *Davis*, 3 *T. R.* 82.) 1. No extrinsic evidence is admissible to vary the contract apparent on the bill, or to show that at the time of making the note, the plaintiff had agreed to take a renewal of the note in lieu of payment. (2 *Starkie on Ev.* 169. *Stackpole* v. *Arnold*, 11 *Mass. R.* 27. *See cases infra.*) 2. This rule of evidence has been long settled. The case of *Hoare et al.* v. *Graham et al.* (3 *Campbell*, 56,) is a case in point. The action was on a promissory note, by indorsee against maker and indorsers. Defense set up that at the time of the framing of the note, the defendants refused to indorse it, unless the plaintiffs would agree that it should be renewed when it became due ; that the latter acceded to this condition, and that they afterwards demanded payment, instead of calling for a renewal. Lord Ellenborough said : " I don't think I can admit evidence of this sort. What is to become of bills of exchange and promissory notes, if they may be cut down by a secret agreement that they shall not be put in suit ? The parol condition is quite inconsistent with the written instrument. The condition for a renewal entirely contradicts the instru-

ment which the defendants have signed. Such an agreement rests in confidence and honor only, and is not an obligation of law. There may, after a bill is drawn, be a binding promise for a valuable consideration, to renew it when due, but if the promise is cotemporaneous with the drawing of the bill, the law will not enforce it. This would be incorporating into a written contract an incongruous parol condition, which is contrary to first principles. There must be a verdict for the plaintiffs." (*Erwin* v. *Saunders,* 1 *Cowen,* 249. *Frost* v. *Everett,* 5 *id.* 497. *Hunt* v. *Bloomer,* 5 *Duer,* 202.)

IV. A jury having beeen waived by oral consent in open court, the findings of the court on questions of fact upon evidence, are as conclusive as the verdict of a jury.

LEONARD, P. J. The action is for the recovery of a sum of money mentioned in a written instrument drawn in the usual form of a promissory note, in every respect, except the following clause, viz. " payable out of and from my separate property and estate, with interest payable quarterly."

The defendant, Richmond, is the drawer, and Van Doren is the payee and indorser. The defendant Van Doren being upon the stand as a witness in his own behalf, was asked what consideration was paid to or received by him for his indorsement. The question was excluded on the plaintiff's objection, and the counsel for the defendant excepted. The defenses set up are a cotemporaneous agreement to extend the time of payment for six months ; and, secondly, that the note was obtained by false representations affecting the value of the property for which it was given ; and that Van Doren indorsed the note without any consideration. Also, that the action is prosecuted for the benefit of Thomas Aitken, who made the alleged false representations, and who is alleged to be the real party in interest.

If the instrument upon which the action is brought, is to be considered a promissory note, the defendant was required to lay the foundation for inquiring into the consideration, by

first proving that the plaintiff was not a *bona fide* holder, which had not been done when the question was put. If, on the contrary, as the defendant insists, the instrument was not a promissory note, no such condition could be imposed at the trial, and the question should have been admitted. A promissory note or bill, to come within the rules for the protection of the holders of mercantile paper, must be payable absolutely at some period, not depending upon a contingency, nor payable out of a particular fund.

I am not able to discover that this instrument is affected by any objection arising from these rules. The principal is payable in twelve months, and the interest quarterly. If the interest is not paid according to the promise, it all becomes due at the end of twelve months. It is " payable out of and from my separate property and estate ;" but the separate property of Mrs. Richmond is not a particular fund. Individual promises are always payable from the separate estate of the maker. The expression of this fact does not state a particular fund. This ground of exception to the ruling does not appear to have been brought to the attention of the judge at the trial. It does not appear to have been then disputed that the instrument was a promissory note. If Adeline A. Richmond was a married woman at the time of making the note, the meaning of the words " my separate property and estate," would be quite intelligible ; but such fact does not appear from the evidence, unless it be inferred from her being spoken of during the trial as " Mrs. Richmond." I do not think the explanation is necessary, as the words relied on do not refer to a particular fund, but to the whole estate of the maker.

The counsel for the defendant submitted to the ruling, without making any claim that the instrument was not a promissory note, and proceeded to give evidence affecting the title of the plaintiff to the note, as a *bona fide* holder for value.

The judge before whom the action was tried without a jury

has found that the note was indorsed and delivered to the plaintiff before maturity, for value received. The counsel for the defendant insists that the evidence does not sutain this fact as found, and that the judge should have admitted the evidence offered of an agreement to extend the time of payment. The offer to prove the consideration paid to or received by the defendant Van Doren for his indorsement, was not renewed. The evidence showed that the plaintiff paid $100 in cash and his check for $2400 to Thomas Aitken about a week before the maturity of the note, which Aitken paid over to his wife, to whom it belonged. The only fact supposed to impair the effect of this evidence is, that Thomas Aitken, the witness called for the defense to prove the want of *bona fides* in the plaintiff's title, says that he does not recollect whether the check has been paid; that he delivered it to Mrs. Aitken, and he supposes it has been paid. Certainly, this evidence will not warrant any finding against the *bona fides* of the plaintiff's title to the note; so far as the evidence proves any thing, it is in favor of the plaintiff on that question.

Whether the instrument is subject to the rules of law governing mercantile paper or not, the evidence offered to show a contemporaneous agreement with the making or indorsement of the note, to extend the time of payment, was not admissible. Neither a promissory note, nor any other agreement in writing, can be varied or impaired by parol evidence. None of the objections urged by the defendants are sufficient to affect the regularity of the trial.

The judgment should be affirmed, with costs.

Ingraham, J. concurred.

Sutherland, J. (dissenting.) I feel compelled to dissent from the conclusion brothers Leonard and Ingraham have come to, in this case. I think the instrument declared on was not on its face a promissory note; and if so, certain evidence offered by the defendants was improperly rejected.

It appeared, from the agreement executed at the same time the note was executed, and which provided for its execution, (which agreement was introduced by the plaintiff and re-ceived in evidence, under objection by the defendants,) that Adeline A. Richmond was a married woman when the note was executed ; and I think this is rather the inference from the face of the note. And if she was, I do not see how a *personal* judgment could be obtained against her on the facts stated in the complaint or proved at the trial.

I think the judgment should be reversed, and a new trial ordered.

Judgment affirmed.

[NEW YORK GENERAL TERM, April 1, 1867. *Leonard, Sutherland* and *In-graham,* Justices.]