THACKARAY *v.* HANSON.

CONTINUANCE — *affidavit must set out material facts.* If the facts set out in an affidavit for continuance are not competent in defense under the state of the pleadings, the continuance should be denied.

In an action on a promissory note, one of the defendants moved for continuance upon the ground, that an absent witness would testify that the words " president " and " secretary " had been cut from the signatures to the note. These facts were not material except to show that the note was executed on behalf of a corporation, and was not the note of the defendants. The execution of the note was not denied by plea, verified by affidavit, and therefore the evidence was not admissible, and the motion for continuance was properly overruled.

PROMISSORY NOTES — *all are negotiable.* Under our statute (Rev. Stat. ch. 1084), all promissory notes and instruments for the payment of money are negotiable, whether so expressed or not, and a note which does not contain the words " or order," is negotiable in the same manner as if it did contain those words.

PLEADING AND PROOF — *variance in description of promissory note.* A promissory note expressed to be given for cash borrowed may be described in the declaration as given for value received.

*Error to Probate Court, Clear Creek County.*

Mr. HUGH BUTLER and Mr. R. S. MORRISON, for plaintiff in error.

Messrs. JOHNSON & TELLER, for defendant in error.

WELLS, J.   The defendant, in his affidavit for continuance, swore that he expected to show, by the absent witness, that the promissory note sued upon was executed by the witness and defendant as president and secretary respectively of a certain mining corporation, and on behalf thereof, and that after its execution, and before the commencement of the action, it had been fraudulently altered without the knowledge or consent of either witness or defendant, by cutting from the end thereof the words "president" and "secretary" appended to the signatures of witness and defendant respectively.

A continuance ought not to have been granted, unless the facts set forth by the affidavit were competent matters in

defense, under the state of pleadings. These matters cannot be said to be competent or admissible, except as tending to show that the note declared upon never was the undertaking of the defendant, for the liability of the defendant was not affected by the alteration, unless made in a material part, and there was nothing material in the words stricken from the note, unless they are to receive effect as rendering parol evidence admissible to show that the note was executed in a representative capacity, and was, therefore, the note of the principal and not of the agent. It is manifest, therefore, that the evidence to obtain which a continuance was sought, whether directed to the avoidance of the note by reason of the alteration, or to the capacity in which the defendant contracted, involves the same substantial matter of defense, that is, that the note was not the undertaking of the defendant, and in either view, the defendant having failed to verify his plea, such evidence could not be received even though the witness had been present.

What is here said will not, however, be understood as going beyond the particular case here presented, nor certainly as impairing or denying the rule that an alteration apparent on the face of the instrument must be explained in order to its admission in evidence, for, whether such apparent alteration may or may not be taken advantage of under an unsworn plea, is a question not presented by this record, the alteration alleged in this case being one which it seems to us could not be apparent upon the face of the paper.

The motion for a continuance was, therefore, properly overruled.

The note counted upon is described in the declaration as payable to the order of the plaintiff for value received ; the note offered in evidence upon the trial was payable to the plaintiff without other words, and was expressed to be for cash borrowed ; objection was made on the ground of variance in these respects, which objection being overruled, an exception was saved, and this decision of the court is now assigned for error.

Under the English statutes, and in most of the States of the Union, words of negotiability are requisite to give an assignable quality to commercial paper; where the law is so, such words are a material part of the note, and the instrument must, in pleading, be correctly described in this respect. Under our statute, however, all promissory notes and instruments for the payment of money are negotiable whether so expressed or not, and whether the particular instrument contains the words "or order," or equivalent words or not, its legal effect is the same as if it did contain such words. In describing such instrument, therefore, if it be declared upon as payable to the plaintiff directly, when, in fact, it is payable to his order, or, as payable to his order, when, in fact, payable to him directly, in either case there is no variance, for the contract is described according to its legal effect.

The second allegation of variance seems to be equally without foundation. It is said, in Byles on Bills, 64,* that, "though the nature or particulars of the consideration appears on the bill or note, it is not necessary to state it in the declaration, or it may be stated generally as value received."

We perceive no error in the record, and the judgment is therefore affirmed.

*Affirmed.*