WILLIAM HUSSEY vs. NATHANIEL O. WINSLOW and trustee.

*A negotiable promissory note — what is.*

An instrument of the tenor following: "Nobleboro, October 4, 1869. Nathaniel O. Winslow Cr. By labor 16¾ days @ $4. per day $67.00. Good to barer. Wm. Vannah,"—is a negotiable promissory note for sixty-seven dollars, payable to Nathaniel O. Winslow, or bearer, on demand.

ON EXCEPTIONS.

ASSUMPSIT on a promissory note, commenced by trustee process, in which William Vannah was summoned as trustee of the principal defendant.

The trustee disclosed that on the fourth day of October, 1869, and before the service of the writ in this action on him, he delivered to the said Winslow, to whom he was indebted on account, a writing, of which the following is a copy :

"NOBLEBORO, Oct. 4, 1869.

| 5 cent stamp. | Nathaniel O. Winslow Cr. | |
|---|---|---|
| | By labor 16¾ days @ $4. per day | $67.00 |
| | Good to barer, | WM. VANNAH." |

and claimed that he should be discharged.

The presiding judge ruled that the instrument was a negotiable promissory note, and that the trustee be discharged. Thereupon the plaintiff alleged exceptions.

*Wm. H. Hilton*, for the plaintiff.

The simple acknowledgment of a debt does not raise such a promise as is comprehended in a promissory note. Byles on Bills (3d ed.), 84.

"Good to barer" import at most a general promise to bearer only. No payee is designated. 3 Kent's Com. 94 and cases cited ; 1 Am. Lead. Cas., 315. *Carver v. Hayes*, 47 Maine, 257, is not applicable.

Hussey *v.* Winslow.

Something more than inferential promises is necessary to support a promissory note. *Horne* v. *Redfearne*, 6 Scott, 267.

The debt is not payable in money; otherwise it would have been " Good to N. O. Winslow, or bearer, for $67.00." Were the terms "Cr. in, or by cash," a different construction would be proper.

Farmers often exchange labor, ox-labor for personal labor.

Not being payable in money, it is not negotiable. *Marrett* v. *Eq. Ins. Co.*, 54 Maine, 537.

*Henry Farrington*, for the trustee.

DANFORTH, J. The only question here raised is, whether the written instrument disclosed by the trustee, is a negotiable promissory note. It was evidently so intended by the parties, and seems to possess all that is legally requisite to constitute it such. It is not a mere acknowledgment of a debt, as contended by the plaintiff. It is true that the words, " Cr. by labor 16¾ days @ $4 per day $67.00," may very properly be construed as an admission, that so much money is due Mr. Winslow for labor performed by him. But the remaining words, "Good to barer," are not inconsistent with what goes before and cannot therefore be rejected. They must have some meaning, and taken in connection with the words previously used, that meaning cannot be doubtful. In *Franklin* v. *March*, 6 N. H. 364, in a similar instrument the word "good" was held to imply a promise. In the paper under consideration, no other meaning can be attached to it than a promise to pay for the labor received. Nor is the promise to pay in labor. Labor is not mentioned except as the consideration for the promise. The sum due has prefixed to it the mark for dollars, and there is no intimation that it is to be paid in any other way than by money. In such cases the debt can only be discharged by lawful currency. The sum to be paid is definite and subject to no contingency. It is to be paid absolutely, and as no time is given, it is payable on demand. Nor can there be any doubt as to the payee, if any were necessary

in a note payable to bearer. Nathaniel O. Winslow is named as the person from whom the consideration proceeds, and if there were no other indication as to whom the promise is made, the law would deem this sufficient. Story on Notes, § 36.

It would seem that the only possible construction which can be given to this instrument is, substantially, this: In consideration of 16¾ days' labor, performed by Nathaniel O. Winslow, at $4 per day, amounting to $67.00, I promise to pay him, or bearer, that sum on demand. Signed, William Vannah.

Here we have every element of a negotiable promissory note; a maker, a payee, a promise or engagement to pay a certain sum of money at a specified time, absolutely and unconditionally, and the word bearer to make it negotiable.          *Exceptions overruled.*

APPLETON, C. J.; KENT, BARROWS, and TAPLEY, JJ., concurred.