### COWAN v. HALLACK.

1. Under the statute (Gen. St. p. 142) all promissory notes and instruments in writing for the payment of money are negotiable, whether so expressed or not; and whether the particular instrument contains the words " or order," or equivalent words, or not, its legal effect is the same as if it did contain such words.

2. To constitute a good promissory note no precise words of contract are necessary provided they amount, in legal effect, to a promise to pay.

3. Plaintiff sold to G. materials which G. used in constructing sidewalks on defendant's premises.   At the request of plaintiff and G. defendant made and signed the following indorsement on the back of a bill of items of such materials prepared by plaintiff, and rendered to G.: "I hereby accept this bill, in compliance with the terms of contract and specification with Mr. H. A. Garvey, payable to E. F. Hallack thirty days after July 9, 1881." *Held,* that this indorsement was a negotiable instrument within the statute, and imported a consideration.

4. Such an indorsement is an unconditional promise to pay the money at a time named, and the defense that it was conditional on G.'s compliance with his contract with defendant, *held* bad on demurrer.

*Error to County Court of Arapahoe County.*

THE said plaintiff complains of the said defendant, and says that heretofore, to wit, on the 15th day of July, 1881, one Henry A. Garvey was indebted to the said plaintiff in the sum of $277.84 for goods, wares and merchandise, before that time sold and delivered by plaintiff to the said Garvey, for which said goods, wares and merchandise a bill was made out by plaintiff against the said Garvey, and delivered to and approved by him, which

said bill, so made out and presented to and approved by the said Garvey, was in words and figures as follows, to wit:

"DENVER, COLO., July 15, 1881.

"Mr. H. A. Garvey bought of E. F. Hallack, manufacturer and wholesale and retail dealer in lumber, lath, shingles, sash, doors, blinds, mouldings, trimmings, paints, oils, window glass, roofing paper, pitch, building paper, cement, plaster of Paris, plastering hair, etc.:

| | | | | | | |
|---|---|---|---|---|---|---|
| June 21. | To 114 lbs. tarred felt, 3½ | | | | | $3 99 |
| | Express charges | | | | | 25 |
| | To 15 bbls. Eng. Port. cement | | | | | 108 00 |
| June 27. | To 10 | " | " | " | " | 72 00 |
| June 27. | To 5 | " | " | " | " | 36 00 |
| July 2. | To 2 | " | " | " | " | 14 40 |
| July 5. | To 1 | " | " | " | " | 7 20 |
| July 6. | To 5 | " | " | " | " | 36 00 |

$277 84"

That said goods, wares and merchandise were used by the said Garvey in constructing sidewalks for the said defendant, and for which said materials the said defendant was indebted to the said Garvey, in consideration whereof the said defendant afterwards, to wit, on the day and year aforesaid, by his certain agreement in writing indorsed upon the said account, in words and figures as follows, to wit: "I hereby accept this bill in compliance with the terms of contract and specifications with Mr. H. A. Garvey, payable to E. F. Hallack thirty days after July 9, 1881," agreed to pay said plaintiff the said sum of $277.84, which said acceptance and agreement was duly signed by the said defendant, by means whereof the said defendant then and there became liable to pay to the said plaintiff the said sum of money; that the same is now due and wholly unpaid. Wherefore plaintiff prays judgment for the sum of $277.84 aforesaid, against the said defendant, for interest thereon, for costs of suit, and for other relief, etc.

Answer, general denial, no consideration. And for a

further and third defense herein the defendant saith that, at and before the time of the making and giving of the said supposed promise and acceptance set forth in the plaintiff's complaint, the defendant had made and entered into a contract and specifications in writing with the said H. A. Garvey (which are the same as mentioned in said complaint), whereby the said Garvey, for the sum of $335, was to build and construct for this defendant certain sidewalks, coping, etc., of certain character and quality specifically set forth in the said contract and specifications, and said Garvey had procured certain material therefor, and entered upon the work therein provided to be done; that at the time this defendant had not become and was not in any manner indebted to said Garvey, nor was there in the said contract or specifications any provisions or obligations on the part of this defendant to accept any bill, account, indebtedness or claim owing from said Garvey to any person whatsoever, all of which was then well known to the said plaintiff; that the said Garvey being desirous to insure to the plaintiff payment of the plaintiff's said bill or claim, and the plaintiff desiring to secure the payment thereof, they, the said plaintiff and Garvey, applied to this defendant to agree to pay the same out of what might thereafter become due to the said Garvey from this defendant for work to be done under the contract and specifications aforesaid; that this defendant was willing to pay the amount thereof to the said Hallack, plaintiff aforesaid, provided said work should first be done by said Garvey in character and quality corresponding to and complying with the provisions and times of the said contract and specifications, and was unwilling to agree to pay to the plaintiff any sum of money whatsoever as aforesaid, except upon condition that, before being required to pay the same, the said work to be done by the said Garvey should, as to quality and character, be done in accordance with the terms and conditions of the said

contract and specifications, all of which was to the plaintiff then well known, and to all of which the plaintiff and said Garvey then and there acceded and consented. Defendant further avers that thereupon the said defendant, for the purpose aforesaid and no other purpose, as the plaintiff well knew, and as an accommodation to the plaintiff and the said Garvey, and without consideration, as the plaintiff also knew, wrote and indorsed upon the said bill or account mentioned in the said complaint the said indorsement of acceptance in the said complaint mentioned, and subscribed the same. And the defendant further avers that, according to the terms and conditions of said contract and specifications, no money whatsoever would or could become due thereon for the said work, or any part thereof, to the said Garvey until after said work should have been done corresponding to and complying in character and quality with the provisions of said contract and specifications, as the plaintiff also then well knew. And the defendant further avers that the said Garvey had not, at the time of the commencement of this action, nor has he since, done or performed the said work as in and by the said contract and specifications he agreed to do, and of the character and quality which, according to the said contract and specifications, he agreed to do, but hath failed and made default therein; nor hath the defendant accepted the said work, nor used the same, nor availed himself thereof, but hath refused so to do, and no money whatsoever has become due or owing to the said Garvey upon the said contract and specifications, nor for work to be done thereunder, because of the failure and default of the said Garvey as aforesaid; nor is the defendant now in any manner indebted to the said Garvey, nor hath he been at any time since the making of the said acceptance and promise, but, on the contrary thereof, the defendant hath, by reason of the default of the said Garvey, sustained damages in a large sum, to wit, to more than the

amount of the sum claimed and sued for by the plaintiff herein, and to more than the entire contract price of the work, etc., aforesaid. Wherefore the defendant demands judgment that he be hence dismissed, with his costs, etc.

Demurrer to the third defense sustained. Trial to the court, and judgment for the plaintiff for the sum of $277.84. Error to the supreme court.

Messrs. BENEDICT and PHELPS, for plaintiff in error.

Messrs. DECKER and YONLEY, for defendant in error.

ELBERT, J. Hallack's account with Garvey, upon which the undertaking sued upon appears to have been indorsed, is an ordinary itemized statement by a merchant of his account with a debtor. The language of the undertaking so indorsed is as follows:

"I hereby accept this bill, in compliance with the terms of contract and specification with Mr. H. A. Garvey, payable to E. F. Hallack thirty days after July 9, 1881.
         [Signed]                    "E. R. COWAN."

The defense admitted the signature, and that no payment had been made. Aside from this, the undertaking was all the evidence introduced on the trial in the court below, and upon it the plaintiff recovered judgment. Two points are made by counsel: (1) That no consideration was alleged or proved; and that, therefore, the court erred in overruling the defendant's motion for a nonsuit; (2) that the court erred in sustaining the demurrer to the third defense.

It is well understood that in an action upon a simple contract, the plaintiff, in order to recover, must allege and prove a consideration. In this connection, however, it is to be remembered — *First,* that the admission of a consideration by the terms of the written contract is *prima facie* evidence of its existence, and satisfies the rule; *second,* that negotiable instruments import a consid-

eration, and are exceptions to the rule.  1 Pars. Cont. 430; 1 Daniel, Neg. Inst. § 161; *Whitney v. Stearns*, 16 Me. 394. We do not think that the instrument sued upon contains, by its terms, an admission of such a consideration as in itself relieved the plaintiff from the necessity of making proof of a consideration.  It admits a contract with Garvey to accept, but it does not disclose any consideration for such a contract, and we are not at liberty to presume its existence.  It would be illogical to treat that as a consideration which *itself* depends for its value and validity upon the existence of a consideration.  Whether the writing imports a consideration is a more difficult question, and depends upon whether it is negotiable under the provisions of the statute concerning bonds, bills and promissory notes.   Ch. 9, Gen. St. 142.   Section 3 of the act provides that "all promissory notes, bonds, due-bills, and other instruments in writing, made by any person, whereby such person promises or agrees to pay any sum of money or article of personal property, or any sum of money in personal property, or acknowledges any sum of money or article of personal property to be due to any other person or persons, shall be taken to be due and payable to the person or persons to whom the said note, bond, bill, or other instrument in writing is made." Section 4 provides that "any such note, bill, bond, or other instrument in writing, made payable to any person or persons, shall be assignable by indorsement thereon, under the hand of such person and of his assignee, in the same manner as bills of exchange are, so as absolutely to transfer and vest the property thereof in each and every assignee successively."

Under this statute all promissory notes and instruments in writing for the payment of money are negotiable, whether so expressed or not.   And whether the particular instrument contains the words " or order," or equivalent words, or not, its legal effect is the same as if it did contain such words.  *Thackaray v. Hanson*, 1 Colo. 366;

*Roosa v. Crist,* 17 Ill. 450; *Archer v. Claflin,* 31 Ill. 306. To constitute a good promissory note, no precise words of contract are necessary, provided they amount, in legal effect, to a promise to pay. In other words, if over and above the mere acknowledgment of the debt there may be collected from the words used a promise to pay it, the instrument may be regarded as a promissory note. 1 Daniel, Neg. Inst. § 36 *et seq.;* Byles, Bills, 10, 11, and cases cited. See, also, the following decisions under statutory provisions similar to our own: *Bilderback v. Burlingame,* 27 Ill. 338; *Archer v. Claflin,* 31 Ill. 306; *Jacquin v. Warren,* 40 Ill. 459; *White v. Smith,* 77 Ill. 351; *Petillon v. Lorden,* 86 Ill. 361; *Stacker v. Watson,* 1 Scam. 207; *Smith v. Bridges,* Breese, 18; *Williams v. Forbes,* 47 Ill. 148; *Sappington v. Pulliam,* 3 Scam. 385; *Roosa v. Crist,* 17 Ill. 450; *Wilder v. De Wolf,* 24 Ill. 190.

"Due A. B. $325, payable on demand," or, "I acknowledge myself to be indebted to A. in $109, to be paid on demand for value received," or, "I. O. U. $85 to be paid May 5th," are held to be promissory notes, significance being given to words of payment as indicating a promise to pay. 1 Daniel, Neg. Inst. § 39, and cases cited.

Hallack's itemized account with Garvey, upon which the undertaking of the defendant is indorsed, is in no sense negotiable paper. The indorsement thereon, however, signed by the defendant, is a new undertaking; and if, under our statutes, it is negotiable, it imports a consideration. *Bay v. Freazer,* 1 Bay, 72. The word "accepted" on a bill of exchange is an engagement to pay the bill in money when due. Indorsed upon non-negotiable paper, as in this case, there is authority for saying that it would not import a consideration as in the case of such indorsement upon negotiable paper, and a consideration would have to be alleged and proved. Byles, Bills, 3, note; *Jeffries v. Hager,* 18 Mo. 272; *Rich-*

*ardson v. Carpenter*, 2 Sweeny, 366. The language of the undertaking, however, must be considered as a whole, and in this case we think it clearly imports a promise upon the part of the defendant Cowan to pay Hallack, the payee, the amount of the bill upon which it is indorsed, at the time specified. 1 Daniel, Neg. Inst. § 36 *et seq.*, and cases cited.

We think the writing comes clearly within the provisions of the statute which we have quoted; that is to say, it is "an instrument in writing" made by the defendant Cowan, whereby he promises to pay in money, at a specified date absolute, the amount of the bill upon which the undertaking is indorsed. As such it is a negotiable instrument, and imports a consideration. Our statute in this respect is substantially the statute of 3 and 4 Anne, chapter 9 (1 Daniel, Neg. Inst. § 5, note; id. § 162), the effect of which was, in an action upon a promissory note, to dispense with the necessity of either alleging or proving a consideration. *Peasley v. Boatwright*, 2 Leigh, 198. In this view, the plaintiff was entitled to recover on the evidence introduced, and the defendant's motion for a nonsuit was properly overruled.

It is claimed that the court erred in sustaining the demurrer to the third defense. The language of the writing sued upon is in some respects unusual; but we see no serious difficulty in declaring its meaning. While the word "specification" is of no special use in the sentence where it occurs, it is harmless. The contract is complete without it, and its import is the same with it. It does not appear to have been used to qualify or modify the undertaking, but to amplify by repetition, and is to be treated as tautology. The acceptance being unconditional, it was not competent for the defendant to show that it was upon condition. If it was in fact conditional, and, as the defendant alleges, dependent upon the contingency of Garvey's complying with the terms of his contract with the defendant, it should have been so written. It follows

that the third defense is bad. It proposes to contradict and vary the terms of an express contract. The demurrer to it was properly sustained.

The judgment of the court below must be affirmed.

*Affirmed.*