SCHMITZ *et al.* v. HAWKEYE GOLD MINING CO. *et al.*

1. An instrument duly made, which recites, "Due W. C. R. the sum of $98.65, payable at this office, on the 20th day of June, 1893, to him or order," is a promissory note, within Comp. Laws, §§ 4426, 4562, declaring that "a promissory note is an instrument, negotiable in form, whereby the signer promises to pay a specified sum of money."

2. A general indorser of a note, in effect, contracted in writing, as provided for in Comp. Laws, § 4479, Subd. 4, that he would pay it on due notice of the dishonor of the instrument; and where no such notice was given, evidence of a purported oral promise on the part of the indorser that he would guaranty the amount thereof, in any event, in case of default by the maker, was incompetent, under Sec. 3545, excluding evidence of oral agreements when the contract has once been put in writing.

(Opinion filed May 19, 1896.)

Appeal from circuit court, Lawrence county.    Hon. A. J. PLOWMAN, Judge.

Action upon a written instrument.    From an order overruling his motion for a new trial, defendant Robinson appeals. Reversed.

The facts are stated in the opinion.

*H. E. Dewey,* for appellant.

The legal effect of an endorsement in blank of a promissory note cannot be varied or changed by a contemporaneous parol agreement.    1 Wait Act. & Def. 596; Bank v. Smith, 27 Barb.

489; Skillen v. Richmond, 48 Barb. 428; Griswold v. Slocum, 10 Barb. 402; Dean v. Hall, 17 Wend. 214; Hall v. Newcomb, 3 Hill 233; Seabury v. Hungerford, 2 Hill 80; Ellis v. Brown, 6 Barb. 282; Cottrell v. Conklin, 4 Duer 45; Spies v. Gilmore, 1 Const. 321; Moore v. Cross, 19 N. Y. 227; Martin v. Cole, 104 U. S. 30-40.

*Jas. P. Wilson*, for respondent.

The instrument sued on is not a promissory note. Gay v. Rook, 7 L. R. A. (Mass.) 392; Brown v. Gilman, 13 Mass. 158. Parol evidence is admissible to prove the circumstances under which the paper or instrument was executed. Brown on Parol Ev. 274; Id. 255; Milks v. Rich, 80 N. Y. 269; Dan. Neg. Inst., 4th Ed., § 1093; Barclay v. Weaver, 19 Pa. St, 396; Schmied v. Frank, 86 Ind. 255; Cummings v. Kent, 44 Ohio St. 96; Taylor v. French, 2 Lea 260; 31 Amer. Dec. 609; Hazard v. White, 26 Ark. 155; Dye v. Scott, 35 Ohio St. 194; Ross v. Hurd, 71 N. Y. 14; Holmes v. Bank, 56 N. W. 1011; Dauber v. Blackney, 38 Barb. 432.

FULLER, J. In justice court plaintiffs obtained against the defendants a judgment upon the following written instrument: "Time Check No. 189. $98.65. General Manager's Office, Hawkeye Gold Mining Company. Pluma, So. Dak., June 10th, 1893. Due W. C. Robinson the sum of ninety-eight dollars and sixty-five cents ($98.65), payable at this office on the 20th day of June, 1893, to him or order. David Hunter, General Manager, by L. A. Fell. W. C. Robinson." Indorsed "W. C. Robinson. 8–8, '93, received on account §14.80. Nov. 2nd, received on account $10.50." A new trial on appeal to the circuit court taken on questions of both law and fact, by the defendant Robinson, resulted in a judgment for plaintiffs against said Robinson, who alone prosecutes an appeal to this court from an order overruling a motion for a new trial.

For a valuable consideration, and by a general indorsement, appellant transferred the instrument in suit to respond-

ents, who duly presented the same for payment to the makers thereof, and payment was refused. Subsequently, and at the dates shown on the back of the paper, the respective amounts there indicated were collected by respondents from the defendant mining company. Although the form may be identical, there is a well defined and effective legal distinction between the contractual liability of one who indorses a negotiable instrument and the obligation of one who becomes the guarantor of an instrument that is non-negotiable; and as there is no averment or proof of a waiver or excuse, or that appellant was ever notified or apprised of the dishonor of the instrument before us, its character must be considered and determined. "A promissory note is an instrument, negotiable in form, whereby the signer promises to pay a specified sum of money." Comp. Laws, §§ 4456, 4562. As the writing before us is negotiable in form, and the signer, in legal effect, promises to pay a specified sum of money, we conclude that the instrument is a promissory note, and that appellant's liability was only that of an indorser under Subd. 4 of Sec. 4479 of the Compiled Laws. The words "payable to W. C. Robinson or order," unconditionally, at a specified time and place, a certain amount of money, import a promise; and the instrument contains every essential element of a promissory note. Hussey v. Winslow, 59 Me. 170; Russell v. Whipple, 2 Cow. 536; Kimball v. Huntington, 10 Wend. 675; St. Louis I. M. &·S. Ry. v. Camden Bank, 47 Ark. 541, 1 S. W. 704; Brady v. Chandler, 31 Mo. 28; Jaquin v. Warren, 40 Ill, 459; Cowan v. Hallack, 9 Colo. 572, 13 Pac. 700.

Apparently upon the theory that the instrument was non-negotiable, respondents were allowed to introduce oral evidence over valid and timely objections, which entirely contradicted and destroyed the contract of endorsement, and established a contemporaneous oral agreement, by which appellant was charged as a guarantor. Under the statute such evidence was not admissible. Comp. Laws, § 3545. By the law merchant, the indorsement was a contract in writing, importing and in-

cluding within its terms the stipulations enumerated in, and the obligations imposed by, the various provisions of Sec. 4479 of the Compiled Laws. Evidence of a purported oral promise on the part of appellant, made at the time he indorsed the note to the effect that he would guaranty and stand good for the amount thereof, in any event, in case of a default on the part of the maker, was clearly incompetent. "It is a firmly settled principle (says Mr. Justice SWAYNE) that parol evidence of an oral agreement, alleged to have been made at the time of the drawing, making or indorsing of a bill or note, cannot be permitted to vary, qualify or contradict, to add to, or substract from, the absolute terms of the written contract." Specht v. Howard, 16 Wall. 564. To the same effect: Martin v. Cole, 104 U. S. 30; Skillen v. Richmond, 48 Barb. 428; Dean v. Hall, 17 Wend. 214; Cottrell v. Conklin, 4 Duer 45; Seabury v. Hungerford, 2 Hill 80. There was no allegation in the complaint nor proof at the trial by which to charge appellant, as an indorser or otherwise; and the objection to the introduction of any evidence ought to have been sustained. The order overruling the motion for a new trial is reversed, and the case is remanded for further proceedings not inconsistent herewith.