# Ransom Parker v. Jesse E. Scheller.

60    621
96   ² 34

1. ATTACHMENT—*In Derogation of the Common Law.*—Proceedings by way of attachment being in derogation of the common law, to be binding must be in strict accordance with the statute.

2. SAME—*Notice Under the Statute.*—To withhold the sending of the notice to the residence of the defendant as required by the statute for more than two years is not a compliance with the statute and gives the court no jurisdiction over the property of the defendant.

3. SAME.—*Duty of the Clerk—Delay in Making Publication.—Notice.* —The clerk, upon the return of an attachment in aid where the defendant has not been served in the original cause, must, within a reasonable time, make the publication and mail the notice provided by the statute; two years is not a reasonable time; such a notice gives the court no jurisdiction.

**Attachment Proceeding.**—Error to the Superior Court of Cook County; the Hon. ARTHUR CHETLAIN, Judge, presiding. Heard in this court at the October term, 1895. Opinion filed November 18, 1895.

HOLDEN & BUZZELL, attorneys for plaintiff in error, contended that the Superior Court erred in rendering judgment upon the publication made in 1895, upon an affidavit filed in 1892. Campbell v. McCahan, 41 Ill. 45; Baldwin v. Ferguson, 35 Ill. App. 393; Dennison v. Blumenthal, 37 Ill. App. 385; Dennison v. Taylor, 142. Ill. 47; Jacobus v. Smith, 14 Ill. 359; Haywood v. Collins, 60 Ill. 330; Rowley v. Berrien, 12 Ill. 202.

In attachment cases the statute must be complied with. In cases like this the publication is required to be made " *upon the return* " of the writ. Rev. Stat, Chap. 2, Sec. 33, Hurd's Stat. p. 173; Moore v. Hamilton, 2 Gilm. 429.

In suits by attachment, where there is no personal service upon the defendant, in order to sustain the judgment, the record must show affirmatively that the prerequisite of the statute, in regard to notice by publication, was complied with. Haywood v. McCrory, 33 Ill. 463–464; Rowley v. Berrien, 12 Ill. 202.

The publication is part of the process. It is required to be made upon the return of the writ. In this case the writ

was returned in 1892; the publication being in 1895, was void. Miller v. Handy, 40 Ill. 448; Hitchcock v. Haight, 2 Gilm. 603; Calhoun v. Webster, 2 Scam. 221; Elee v. Wait, 28 Ill. 70; Foster v. Illinski, 3 Ill. App. 345; Hildreth v. Hough, 20 Ill. App. 331; Winkler v. Barthel, 6 Ill. App. 111; Campbell v. McCahan, 41 Ill. 47.

Such proceedings are in derogation of the common law, deriving all their validity from statutes, and must in all essential particulars, conform to their requirements. Cariker v. Anderson, 27 Ill. 359; Vairin v. Edmonson, 5 Gilm. 270; Lawrence v. Yeatman, 2 Scam. 15; Rowley v. Berrien, 12 Ill. 202.

If the publication was not according to law, the court acquired no jurisdiction, and it could not effectively find that due notice had been given. Goudy v. Hall, 30 Ill. 116; Searle v. Galbraith, 73 Ill. 271; Senichka v. Lowe, 74 Ill. 276; Botsford v. O'Conner, 57 Ill. 77; Dennison v. Blumenthal, 37 Ill. App. 385; Dennison v. Taylor, 142 Ill. 45; Baldwin v. McClelland, 152 Ill. 52.

Before a judgment by default can be entered it must appear that the court had jurisdiction of the defendant. Belingall v. Gear, 3 Scam. 575; Wilson v. Greathouse, 1 Scam. 174; Clemson v. Hamm, 1 Scam. 176; Ogle v. Coffey, 1 Scam. 239; Botsford v. O'Conner, 57 Ill. 72; Herdman v. Short, 18 Ill. 59; Morris v. Hogle, 37 Ill. 150; Fell v. Young, 63 Ill. 106; Baldwin v. McClelland, 152 Ill. 52.

In attachment proceedings all the essential requirements of the statute giving the remedy must be observed. It must appear affirmatively, that the provisions of the statute have been substantially conformed to, before the court can obtain jurisdiction. Thormeyer v. Sisson, 83 Ill. 189; Dennison v. Taylor, 142 Ill. 52.

Where statutory proceedings depend upon notice and such notice is not given, the court is without jurisdiction to proceed. Whitney v. Porter, 23 Ill. 445; Gibson v. Roll, 27 Ill. 88.

Theodore G. Case and Thomas S. Hogan, attorneys for defendant in error.

Parker v. Scheller.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This is a writ of error brought to reverse a default judgment obtained by the plaintiff below in an "attachment in aid" proceeding in which the publication was made and the notice mailed nearly three years after the affidavit of non-residence was filed. The notice recites an attachment dated December 5, 1892, is entitled April term, 1895, and requires the defendant to appear on the first Monday of May, 1895.

The defendant was never served with process, nor did he appear.

Proceedings by way of attachment being in derogation of the common law, to be binding must be in strict accordance with the statute.

The requirement that notice shall be published, and a copy thereof mailed to the residence of the defendant, is that he may be informed of the pendency of the suit; so as to appear and defend the same, if he sees fit.

The statement required to be filed as to the residence of the defendant, is of his residence when such affidavit is made; to such residence notice is to be sent.

To withhold the sending of notice for more than two years, is not a compliance with the statute, and such notice gives the court no jurisdiction to proceed against any property of the defendant.

The statute provides:

"Upon the return of attachment issued in aid of actions pending, unless it shall appear that the defendant or defendants have been served with process in the original cause, notice of the pendency of the suit and of the issuance and levy of the attachment, shall be given as is required in cases of original attachment; and such notification shall be sufficient to entitle the plaintiff to judgment, and the right to proceed thereon against the property and estate attached, and against garnishees, in the same manner and with like effect as if the suit had been commenced by attachment."

The clerk, upon such return, should, within a reasonable time, make the publication and mail the notice provided by this statute. Two years is not a reasonable time for this.

In Campbell v. McCahan, 41 Ill. 45, it is held that an affidavit of non-residence, made twenty days before a bill is filed, is not good and fails to confer jurisdiction.

In Baldwin v. Ferguson, 35 Ill. App. 393, the affidavit stated the place of residence of the defendant "at the date of the issuing of the original writ," which was in fact two years before the affidavit was made, and it was held that the court had no jurisdiction.

In Dennison v. Blumenthal, 37 Ill. App. 387, and 142 Ill. 45, it was held that a notice mailed to "A. T. & F. W. Dennison," was void as to both.

As the court below never had jurisdiction either of the property or person of the defendant, the judgment will be reversed without remanding the cause. Ditch v. Edwards, 1 Scam. 127.