96    29
a193s  394

## Serra V. Britton (formerly Serra V. Gallivan), Impleaded with James M. Hedges, v. G. Annie Gregg, Adm'x, etc.

1. ATTACHMENTS—*Strict Compliance with the Statute Required.*—A compliance with the positive requirements of the statute is necessary in order to confer jurisdiction upon the court where there is no personal service or appearance of the defendant.

2. SAME — *What is a Defective Affidavit.*—An affidavit for an attachment which fails to state the residence of one of two defendants, or that upon diligent inquiry the affiant is unable to ascertain the same, and which also fails to state that the other defendant was indebted to the plaintiff in any sum whatever, is defective and insufficient.

3. SAME—*All Essential Requirements of the Statute Must be Observed.*

—In attachment proceedings, all the essential requirements of the statute giving the remedy must be observed. The remedy is given by the statute, and it must affirmatively appear that its provisions have been substantially complied with, before the court can obtain jurisdiction, where there is no personal service of the writ or appearance of the defendant.

4. SAME—*Essentials on the Part of the Plaintiff.*—It is incumbent on the part of a party, before suing out an attachment, not only to set forth the nature of the indebtedness and causes for the attachment, but also to set out and allege the place of residence of the defendant, if known.

5. JUDGMENTS—*In Attachment are Entireties.*—A judgment in attachment in aid of a suit in assumpsit is an entirety, and if void as to one of two defendants it is void as to both.

6. SERVICE OF PROCESS—*On Non-Residents, Mailing Copy of Publication.*—The filing of the affidavit of the non-residence of a defendant in attachment proceedings, stating her place of residence, and the mailing of the copy of publication to her more than two years after the return of the attachment writ, is ineffective as to such defendants.

Assumpsit.—Attachment in aid. Error to the Superior Court of Cook County; the Hon. JAMES GOGGIN, Judge, presiding. Heard in the Branch Appellate Court, at the October term, 1900. Reversed. Opinion filed June 28, 1901.

**Statement of the Case.**—This was a suit in assumpsit brought by the defendant in error against the plaintiff in error and James M. Hedges, in the Superior Court of Cook County, on the 25th day of October, A. D. 1895. On the same day that the assumpsit suit was brought the defendants in error filed an affidavit and bond and sued out a writ of attachment in aid. The affidavit for attachment in aid was made by the agent of the defendant in error. The body of the affidavit reads as follows:

" Uriah Eberhart, agent of G. Annie Gregg, administratrix, being duly sworn, deposes and says: That Serra V. Gallivan is indebted to the estate of William B. Gregg, deceased, after allowing all just credits and set-offs, in the sum of six hundred and sixty-eight dollars and thirty cents, and interest after October 25, 1895, upon one note dated July 18, 1890, for $500, and interest since at 7½ per cent per annum until maturity, and 8 per cent per annum after maturity, to recover which amount an action has been commenced by said creditor against said debtor, in said court, and is now pending therein, and deponent prays an

attachment in aid thereof; and deponent further states that said James M. Hedges is not a resident of this State, and that his place of residence was at Cedar Vale, Kansas, when last heard from, but that upon diligent inquiry deponent has not been able to ascertain his place of residence, and that Serra V. Gallivan is about to conceal, assign, or otherwise dispose of her property or effects, so as to hinder or delay her creditors; and further deponent sayeth not."

An attachment writ in aid was issued on the affidavit, and returned December 2, 1895. The return on the writ shows that by virtue thereof the sheriff on the 25th day of October, A. D. 1895, levied on the right, title and interest of the said James M. Hedges and Serra V. Gallavin in and to certain described real estate. The writ was not personally served on either of the defendants. The summons issued in the assumpsit suit was filed in the clerk's office of the Superior Court on the 2d day of December, A. D. 1895, the sheriff's return on the summons being : " The within defendants not found in my county on this 2d day of December, 1895." No further steps were taken by the defendant in error in the suit until the 8th day of November, 1897, when the defendant in error filed a declaration, consisting of a special count upon the note aforesaid, and the common counts. On the 10th day of November, 1897, the defendant in error filed an affidavit of non-residence, the body of the affidavit reading as follows :

" George W. Carr, being first duly sworn, deposes and says, that James M. Hedges and Serra V. Gallivan, defendants, are not residents of this State, and that the place of residence of said defendant James M. Hedges is Cedarvale, Kansas, and Serra V. Gallivan is Galien, Michigan, when last heard from."

Thereafter, on the 8th day of December, 1897, and more than two years after the return of the writ, the clerk of the Superior Court of Cook County mailed to Serra V. Gallivan, at Galien, Michigan, and to James M. Hedges, at Cedarvale, Kansas, a copy of a notice notifying each of them that a writ of attachment in aid of the said suit, brought by the defendant in error against the said Serra V. Gallivan and James M. Hedges, had issued out of the

office of the clerk of the Superior Court of Cook County, on the 25th day of October, A. D. 1895. The original notice, of which a copy was sent to Serra V. Gallivan and James M. Hedges, was printed in a newspaper published in Chicago, Cook county, Illinois, for the required statutory period. Thereafter, on the 5th day of January, 1898, a judgment by default was entered in favor of the defendant in error and against the said Serra V. Gallivan and James M. Hedges, jointly, for the sum of $668.30, and a special execution was awarded against the property attached as aforesaid. By virtue of this execution, as shown by the return thereon, the sheriff of Cook county, on the 3d day of May, A. D. 1898, sold the property aforesaid for the sum of $400 to the defendant in error.

Neither Serra V. Gallivan nor James M. Hedges filed an appearance in the case and the court acquired jurisdiction over them, if at all, only by virtue of the proceedings heretofore outlined.

GILBERT & FELL and C. LEROY BROWN, attorneys for plaintiff in error.

No appearance by defendant in error.

MR. PRESIDING JUSTICE SHEPARD delivered the opinion of the court.

The record shows that the Superior Court was without power to render judgment against the defendants. The affidavit shown is not in compliance with the statute. The statute, section 2, of the act entitled "Attachments," is as follows:

" To entitle a creditor to such writ of attachment, he or his agent or attorney shall make and file with the clerk of such court an affidavit setting forth the nature and amount of the indebtedness, after allowing all just credits and set-offs, and any one or more of the causes mentioned in the preceding section, and also stating the place of residence of the defendants, if known, and if not known, that upon diligent inquiry the affiant has not been able to ascertain the same."

A compliance with the positive requirements of the statute is necessary, in order to confer jurisdiction, where there is no personal service or appearance of the defendant. Reitz v. People, for use, 77 Ill. 518; Prins v. Hinchliff, 17 Ill. App. 153; Thormeyer v. Sisson, 83 Ill. 188.

The chief defects in the affidavit particularly observable, are (a) that it fails to state the place of residence of Serra V. Gallivan, or that upon diligent inquiry the affiant has been unable to ascertain the same, and (b) that as to James M. Hedges it does not state that he was indebted to the plaintiff in any sum whatever. A similar statute to the one under consideration, in respect of a statement of the indebtedness of the defendant, was in force at the time the facts arose that were passed upon by the Supreme Court in Dyer v. Flint, 21 Ill. 80, and the court there said:

" These requirements of the statute must be fulfilled. The creditor or agent making the affidavit can not rely upon hearsay as to either. He must positively allege both the non-residence and the indebtedness—its nature and amount as near as may be—as near as the peculiar kind of indebtedness will enable him to do." * * *

" We have no power to release the parties from the requirements of the statute or to relax a rule therein prescribed. * * * We must adhere to the words of the statute, leaving to the legislature, where it belongs, the question of any change or modification in it, that may be desirable or necessary."

So, in Thormeyer v. Sisson, *supra*, the court in considering generally the requirements of the attachment act, said:

" No principle is better settled by the previous decisions of this court than that, in attachment proceedings, all the essential requirements of the statute giving the remedy must be observed. Attachment is a remedy given by statute, and it must appear, affirmatively, its provisions have been substantially conformed to, before the court can obtain jurisdiction, where there is personal service of the attachment writ or appearance of defendant. * * *

It was incumbent on plaintiff, before suing out an attachment, not only to set forth the nature of the indebtedness and the causes for attachment, but also allege the place of residence of defendants, if known."

The affidavit was most clearly insufficient to authorize the writ against the property of Hedges, and the judgment as to him was wholly without jurisdiction. And it being a joint judgment and an entirety, it was invalid as to the plaintiff in error, also. Claflin v. Dunne, 129 Ill. 241.

The filing of the affidavit of non-residence of Serra V. Gallivan, stating her then place of residence, and the mailing of the copy of publication to her, more than two years after the return of the attachment writ, was ineffective as to her. Parker v. Scheller, 60 Ill. App. 621.

We see no remedy open to the defendant in error by further proceedings that can be taken below in this cause, and therefore reverse the judgment without remanding the cause. Reversed.